[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14339
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2011
JOHN LEY
CLERK

Agency No. A095-476-713


REFIDE BALA,

                                                            Petitioner,


                              versus


U.S. ATTORNEY GENERAL,

                                                            Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 9, 2011)

Before TJOFLAT, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Refide Bala, a native and citizen of Albania, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order finding her removable and denying her reopened application for asylum under the Immigration and Nationality Act ("INA"), INA § 208, 8 U.S.C. § 1158, and the BIA's decision denying her accompanying motion to remand, pursuant to 8 C.F.R. § 1003.1(b)(3).[1]

Bala's asylum application was denied initially in 2005. Bala successfully moved to reopen her asylum proceedings in 2007 upon presenting an affidavit from an expert asserting that, on account of her membership in the Democratic Party, it presently would be unsafe for her to return to Albania. At a November 2008 hearing, Bala elicited testimony from the expert that the IJ ultimately

---

[1] Bala was admitted into the United States in September 2001, as a non-immigrant visitor for pleasure. She submitted an application for asylum to the former Immigration and Naturalization Service ("INS") on June 24, 2002. After interviewing Bala, the INS referred her claim to an IJ for consideration as part of a removal proceeding; she was removable because she had remained in this country after the expiration of her tourist visa. On November 21, 2003, appearing before an IJ in Hartford, Connecticut, she admitted that she was removable. On October 17, 2005, after venue for her removal proceedings had been transferred to Miami, Florida, an IJ heard her application for relief and denied it. On March 14, 2007, the BIA dismissed her appeal. On June 14, 2007, Bala filed with the BIA a timely motion to reopen. The BIA granted the motion and remanded the proceedings to the IJ for consideration of new material evidence relating to the current political atmosphere in Albania. On January 21, 2009, the IJ found that the new evidence, when considered with the totality of the record evidence, failed to establish that Bala had an objectively reasonable fear of future persecution on account of her political opinion, and membership in the Democratic Party, if returned to Albania. On February 5, 2009, Bala appealed to the BIA and subsequently moved the BIA to remand the case to the IJ so the IJ could consider additional evidence. The BIA dismissed her appeal and denied remand. This petition for review followed.

rejected as "at odds" with newly submitted U.S. State Department country reports. Bala appealed this decision to the BIA, and also filed a separate motion to remand based on an affidavit from a new expert that purported to discuss changed country conditions since her latest hearing. The BIA dismissed the appeal, finding that the IJ was entitled to "rely heavily" on the country reports and concluding that she did not establish a well-founded fear of future persecution given the reports' indication that there were no politically motivated killings or disappearances in Albania. The BIA also denied her motion to remand, concluding that part of the affidavit did not discuss post-hearing events, and the parts that did either were immaterial or did not constitute new developments.

Bala argues that the BIA erred in denying her reopened application for asylum because it relied too heavily on the country reports, and applied an over-restrictive definition of "persecution" limited to killings and disappearances. Bala also argues that the BIA abused its discretion in denying her motion to remand by failing to address the post-hearing conditions addressed in the affidavit, which presented new evidence of a hostile political situation in Albania that the IJ should have had a chance to consider in the first instance.

I.

We review the BIA's finding that an alien was not eligible for asylum under the "highly deferential" substantial evidence test, which requires us to affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Mehmeti v. U.S. Att'y Gen.*, 572 F.3d 1196, 1199 (11th Cir. 2009) (quotation omitted). Thus, we may reverse "only when the record *compels* a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Id*. (quotation omitted and emphasis added).

Where, as here, BIA did not explicitly adopt the IJ's reasoning with respect to the IJ's persecution findings, we review only the BIA's decision. *See id*. (reviewing only the BIA decision where there was no express adoption).

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The government has the discretion to grant asylum if the alien establishes that she is a "refugee." *See* INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is defined as:

> any person who is outside any country of such person's nationality . . . who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

4

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). "The [INA] protects against persecution not only by government forces but also by nongovernmental groups that the government cannot control." *Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 437 (11th Cir. 2004) (quotation omitted).

In order to qualify for asylum, "the applicant must, with specific and credible evidence, establish (1) past persecution on account of a statutorily protected ground or (2) a well-founded fear of future persecution on account of a protected ground." *Mehmeti*, 572 F.3d at 1199 (quotation omitted).

"Persecution" is not defined in the INA, but this Court has indicated that it is "an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." *Id.* (quotation omitted). "An applicant who has demonstrated past persecution is presumed to have a well-founded fear of future persecution." *Id.* at 1200 (quotation omitted); 8 C.F.R. § 208.13(b)(1). No such presumption exists if an alien fails to establish past persecution. *Imelda v. U.S. Att'y Gen.*, 611 F.3d 724, 728 n.3 (11th Cir. 2010).

Nevertheless, an applicant may also establish a well-founded fear of persecution without proving past persecution. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1352 (11th Cir. 2009). To establish a well-founded fear, an alien

5

must show "a reasonable possibility he or she would be singled out individually for persecution," or that she would be identified with a persecuted group. *Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1174 (11th Cir. 2008) (quotation omitted). An alien "need only show that there is a *reasonable possibility* of suffering such persecution if he or she were to return to that country." *Mehmeti*, 572 F.3d at 1200 (quotation omitted) (emphasis in original). The alien must establish a fear that is both "subjectively genuine and objectively reasonable." *Id*. (quotation omitted). "The subjective component is generally satisfied by the applicant's credible testimony that he or she genuinely fears persecution." *Id.* (quotation omitted). "[T]he objective prong can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution." *Id*. (quotation omitted).

In evaluating whether a well-founded fear exists, the BIA may "rely heavily" on U.S. State Department country reports. *Imelda*, 611 F.3d at 728; *see also Mehmeti*, 572 F.3d at 1198-200 (holding that substantial evidence supported the BIA's decision to deny asylum to an Albanian national when information in the country reports indicated changed country conditions that negated the presumption that he possessed an objective, well-founded fear of future persecution). Use of country reports "cannot substitute for an analysis of the

6

unique facts of each applicant's case." *Imelda*, 611 F.3d at 729 (quotation omitted). Rather, in determining if changed country conditions exist, the BIA must undertake "an individualized analysis that focuses on the specific harm suffered and the relationship to it of the particular information contained in the relevant country reports." *Id*. (quotation omitted) (holding that the BIA erred in relying solely on a country report that did not address the alien's claims with specificity and where the BIA's conclusions differed in part from the report).

However, we will not reweigh "from scratch" the importance that the BIA places on a given country report. *Djonda*, 514 F.3d at 1175 (quoting *Rojas v. INS*, 937 F.2d 186, 190 n.1 (5th Cir. 1991)). Further, we have noted that testimony of an expert that was "unsupported by the country reports" did not compel a reversal, and accordingly upheld the BIA's decision to deny asylum. *See Rivera v. U.S. Att'y Gen.*, 487 F.3d 815, 822-23 (11th Cir. 2007).

Upon review of the record and consideration of the parties' briefs, we deny Bala's petition for review. The testimony presented by Bala's expert witnesss was insufficiently specific to establish that she personally had an objective reason to fear persecution as a member of the Democratic Party, particularly where this party now controls the Albanian national government. Because the expert provided only minimal support to Bala's case, and was not otherwise corroborated,

substantial evidence supported the BIA's decision to defer to the country reports in concluding that she did not have a well-founded fear of future persecution.

## II.

Where an alien has filed a motion to remand with the BIA based upon new evidence, we generally review the motion as a motion to reopen under 8 C.F.R. § 1003.2(c). *Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1286 (11th Cir. 2008). We review the denial of such motions for abuse of discretion. *Id.*

Motions to reopen are especially disfavored in removal proceedings, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006) (quotations omitted). The BIA has the discretion to deny a motion to reopen for, among other things, failure to introduce evidence that was material and previously unavailable. *Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1375 (11th Cir. 2007). "An alien who attempts to show that the evidence is material bears a heavy burden and must present evidence that demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case." *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256-57 (11th Cir. 2009).

The BIA is required to give reasoned consideration to the evidence and make "adequate findings." *See Mezvrishvili v. U.S. Att'y Gen.*, 467 F.3d 1292, 1295 (11th Cir. 2006). Where the BIA fails to make adequate findings, we are "unable to review the decision" and must remand. *Id.* (quotation omitted) (remanding case for the BIA to make adequate findings). However, the BIA need not discuss every piece of evidence presented. *See Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006).

After careful review, we deny Bala's petition in this respect. Bala was not entitled to relief on her motion to remand, properly construed as a motion to reopen. The majority of the "new" evidence concerned events that transpired long before her November 2008 hearing. To the extent that the affidavit concerned post-hearing events, these events were immaterial to her position that she faced persecution as a member of the Democratic Party. We also note that the BIA determined as much in denying Bala's motion, and therefore made sufficient findings.

PETITION FOR REVIEW DENIED.