[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11446
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 2, 2012
JOHN LEY
CLERK

Agency No. A097-835-853

MARTIN MARGIONI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 2, 2012)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Martin Margioni, a native and citizen of Albania, seeks review of the Board of Immigration Appeals's (BIA) final order affirming the Immigration Judge's (IJ) denial of his application for asylum under the Immigration and Nationality Act (INA) § 208(a), 8 U.S.C. § 1158(a), withholding of removal, INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT), 8 C.F.R. § 208.16(c). On appeal, Margioni argues that the BIA erred in finding that the government rebutted the presumption of future persecution by demonstrating fundamentally changed conditions in Albania.

We review the BIA's legal determinations *de novo* and its factual determinations for substantial evidence. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283–84 (11th Cir. 2001). Under the highly deferential substantial evidence test, we affirm the BIA's factual determinations if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* at 1284 (quotation omitted). We reverse the BIA's factual finding only if the record compels it; "the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the [BIA's] findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc) (citation omitted).

We review only the BIA's decision, "except to the extent that it expressly

2

adopts the IJ's opinion." *Al Najjar*, 257 F.3d at 1284. Where, as here, the BIA "affirmed and relied upon the IJ's decision and reasoning," we review the IJ's opinion "to the extent that the BIA found that the IJ's reasons were supported by the record." *Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1275 (11th Cir. 2009). We thus consider the decisions of both the IJ and the BIA.

It is permissible for the BIA and the IJ to rely heavily on the State Department reports about a country. *See Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1243 (11th Cir. 2004). In reviewing for substantial evidence, we may not "reweigh from scratch the importance to be placed on" the State Department country reports. *Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1175 (11th Cir. 2008) (quotation and alterations omitted).

## I

An alien may be granted asylum if he qualifies as a refugee. INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A). The INA defines refugee as a person unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The asylum applicant has the burden to prove refugee status and thereby establish asylum eligibility. *Al Najjar*, 257

F.3d at 1284.

An asylum applicant who has established past persecution on account of a protected ground is presumed to have a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1). This presumption can be rebutted in two ways. The government can demonstrate, by a preponderance of the evidence, either (1) that circumstances in the home country have fundamentally changed to the extent that the petitioner need no longer fear persecution or (2) that the applicant could avoid a future threat by relocating within the home country and that it would be reasonable to expect him to do so. 8 C.F.R. § 208.16(b)(1)(i). Neither party here disputes the findings of the BIA and IJ that Margioni experienced past persecution.

Our review of the record confirms that substantial evidence supports the conclusions of the BIA and IJ that changed country conditions in Albania rebut the presumption of future persecution. The Socialist Party, which previously persecuted Margioni for his political affiliations with the Democratic Party, is no longer in power; in fact the Democratic Party now controls Albania. The recent State Department country reports for Albania show a decrease in politically motivated violence. The reports do not demonstrate that the Socialist Party is engaged in violent behavior against members of the Democratic Party. *See Reyes-*

*Sanchez*, 369 F.3d at 1243 (permitting the BIA and IJ to "rely heavily" on these reports).

Margioni argues that the decisions of the BIA and IJ ignored record evidence and that they did not undertake a sufficiently individualized determination about his circumstances. Both the BIA's and IJ's decisions state that they considered all of the evidence presented, and the written opinions reflect that they did. And although Margioni presented an expert in Balkan history in support of his position, this court has previously explained that expert testimony that is "unsupported by the country reports" does not necessitate reversal. *Rivera v. U.S. Att'y Gen.*, 487 F.3d 815, 822 (11th Cir. 2007). Moreover, we have previously held that the State Department country reports for Albania may properly provide the basis for finding a change of country conditions. *See Mehmeti v. U.S. Att'y Gen.*, 572 F.3d 1196, 1198–99, 1200 (11th Cir. 2009) (per curiam) (denying the petition where the evidence of changed conditions in Albania was derived from the State Department reports); *see also Bala v. United States*, 429 F. App'x 865, 867, 869 (11th Cir. 2011) (per curiam) (same). We therefore conclude that substantial evidence supports the findings of the BIA and IJ that the government rebutted the presumption of future persecution by demonstrating fundamentally changed conditions in Albania.

Because Margioni has failed to establish his eligibility for asylum, he has necessarily failed to meet the higher standard for withholding of removal. *See Djonda*, 514 F.3d at 1177.

## II

To gain relief under CAT, an alien must show that he will more likely than not be tortured if removed to his home country. 8 C.F.R. § 208.16(c)(2). For purposes of CAT, "torture" is

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

*Id.* § 208.18(a)(1). But, "[i]f an alien cannot establish a well-founded fear of persecution, the alien also cannot establish that it is more likely than not that he will be tortured based on a protected factor." *Mehmeti*, 572 F.3d at 1201 (citations omitted). Thus, because Margioni cannot meet the standard for asylum, he is likewise not entitled to CAT relief.

In sum, we find that substantial evidence supports the decision of the BIA and IJ. We therefore deny Margioni relief on his asylum, withholding of removal,

6

and CAT claims.

**PETITION DENIED.**