[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13021
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 9, 2012
JOHN LEY
CLERK

Agency No. A095-891-563

JESUS ALBERTO GUTIERREZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 9, 2012)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Jesus Gutierrez, a native and citizen of Venezuela, has filed a petition for review of the Board of Immigration Appeals's ("BIA") denial of his motion to

reconsider its decision denying his motion to remand to seek derivative asylum benefits based on his status as the spouse of an asylee. After an Immigration Judge denied his application for asylum, but before the BIA had issued a decision on his appeal, Gutierrez married his third wife, who subsequently was granted asylum. On the same day the BIA denied his appeal, Gutierrez filed a motion to remand based on his marriage to an asylee, but the BIA denied his motion. He then filed a motion to reconsider and submitted additional evidence to support his claim of a bona fide marriage, but the BIA also denied this motion. On appeal, he argues that: (1) the correct standard to prove that a person is an eligible spouse is by a preponderance of the evidence, but the BIA applied the clear-and-convincing standard when it denied his motion to remand; and (2) when the BIA denied his motion to reconsider, it incorrectly applied 8 C.F.R. § 208.21(f), which specifies the documents that a beneficiary must submit and when a higher standard is required. After careful review, we deny the petition.

We review the BIA's denial of a motion to reconsider for abuse of discretion. Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1328 (11th Cir. 2007). An alien may file a motion to reconsider before the BIA within 30 days of the entry of a BIA decision. See 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(2). "A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the

2

prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). When reviewing the denial of discretionary relief, we consider whether the exercise of discretion was "arbitrary or capricious." Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (quotation omitted).

A motion to remand that seeks to introduce evidence that has not previously been presented is generally treated as a motion to reopen. Chacku v. U.S. Att'y Gen., 555 F.3d 1281, 1286 (11th Cir. 2008). The BIA does not abuse its discretion in denying a motion to reopen when there is (1) a failure to establish prima facie eligibility for relief; (2) a failure to introduce previously unavailable and material evidence; and (3) a determination that, despite an eligibility for relief, the alien is not entitled to a favorable exercise of discretion. Id.

The spouse of an alien who has been granted asylum may be granted the same status. 8 U.S.C. § 1158(b)(3)(A). The aliens must have been married before the principal alien's asylum application was approved. 8 C.F.R. § 208.21(b) (2010). When the spouse was not included in the principal alien's asylum application, a Form I-730 must be submitted with supporting evidence. Id. § 208.21(c). In order to establish a spousal relationship, "evidence must be submitted with the request as set forth in part 204 of this chapter." Id. § 208.21(f). In relevant part, the evidence should consist when possible of the documents specified in § 204.2(a)(1)(iii)(B) and

3

(a)(2). Id. The principal alien must establish by a preponderance of the evidence that the beneficiary is an eligible spouse. Id.

When a marriage is entered into while the beneficiary is in deportation or removal proceedings, evidence must be submitted to establish that the marriage was entered into in good faith. 8 C.F.R. § 204.2(a)(1)(iii)(A)-(B); see also 8 C.F.R. § 208.21(f) (referencing § 204.2(a)(1)(iii)(B)). This evidence can include (1) documents showing joint ownership of property, (2) a lease showing joint tenancy of a common residence, (3) documents showing commingling of financial resources, (4) birth certificates of any children born to the petitioner and beneficiary, (5) affidavits from third parties who have knowledge of the bona fides of the marriage, and (6) any other relevant documents. Id. § 204.2(a)(1)(iii)(B). In addition, the petitioner and beneficiary must submit a certificate of marriage and proof of termination of all prior marriages. Id. § 204.2(a)(2).

First, we reject Gutierrez's argument that the BIA improperly placed a higher burden on him to prove his eligibility for reopening by clear and convincing evidence. As the record shows, the statement regarding the "clear and convincing" evidence standard in the BIA's underlying decision on the motion to remand was not the basis for denying that motion. Rather, the BIA used the statement to demonstrate that a marriage entered into during removal proceedings was suspect under the immigration

4

statute. The BIA clearly stated that it was denying his motion to reopen because he failed to establish his prima facie eligibility for relief, and, as part of its analysis, noted that Gutierrez's suspect third marriage undermined his claim that he was prima facie eligible for the relief. Because the BIA may deny a motion to reopen if the respondent fails to establish a prima facie case for relief, Gutierrez failed to present any new facts or law that would warrant reconsideration. Chacku, 555 F.3d at 1286.

Nor are we persuaded by Gutierrez's argument that the BIA applied a heightened standard in its denial of his motion to reconsider. First, the BIA does not mention the clear-and-convincing standard in its opinion denying Gutierrez's motion to reconsider. Instead, the BIA said that Gutierrez failed to establish his prima facie eligibility, which is the correct standard. Second, the BIA did not cite to 8 C.F.R. part 204 in order to impose a clear-and-convincing standard, but rather was citing the portions of part 204 that specify the documents that are needed to demonstrate a bona fide marriage. Therefore, Gutierrez's argument that the BIA again improperly applied a higher standard on reconsideration is incorrect.

Finally, Gutierrez does not challenge the BIA's determination that the new evidence he offered with his motion for reconsideration failed to establish his prima facie eligibility for relief. Therefore, Gutierrez has abandoned any argument as to this

issue.  See <u>Sepulveda v. U.S. Att'y Gen.</u>, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005)

(noting that a petitioner abandons an issue, if she offers no challenge or argument).

Because Gutierrez presented no error of fact or law in the BIA's decision, the

BIA did not abuse its discretion in denying his motion to reconsider.  Accordingly,

we deny Gutierrez's petition for review.

**PETITION DENIED.**