[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14817
Non-Argument Calendar
_____

Agency No. A055-569-825

TREVAUN LLOYD MOWATT,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 8, 2015)

Before HULL, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Trevaun Lloyd Mowatt, a native and citizen of Jamaica, seeks review of the Board of Immigration Appeals' (BIA's) affirmance of the Immigration Judge's (IJ's) denial of a motion for a continuance.  At his removal hearing, Mowatt explained he was planning to marry his girlfriend and would file an I-130 application for adjustment of status, but the IJ found his adjustment of status speculative.  Mowatt also appeals the BIA's denial of his motion to remand to the IJ in order to reopen proceedings to obtain adjustment of status.  After review,[1] we deny the petition.

The BIA did not abuse its discretion in affirming the IJ's denial of the motion for a continuance.  *See* 8 C.F.R. § 1003.29 (providing an IJ "may" continue removal proceedings "for good cause shown").  The DHS opposed the motion and at the time of the hearing, Mowatt was not married, had no specific plan to marry, and had not applied for a marriage license or put down a deposit for a location.  *Matter of Hashmi*, 24 I. & N. Dec. 785, 790

---

[1]  When the BIA issues a decision, we review only that decision, except to the extent the BIA expressly adopts the IJ's decision.  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).  We review both the denial of a motion for continuance and the denial of a motion to reopen for abuse of discretion.  *Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1285 (11th Cir. 2008); *Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1226 (11th Cir. 2008).  Review "is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Montano Cisneros*, 514 F.3d at 1226. (quotations omitted).

(BIA 2009)[2] (providing an IJ may consider a variety of factors in granting or denying a motion for continuance, including, *inter alia*, the DHS's response to the motion, the respondent's statutory eligibility for adjustment of status, and whether the respondent's application for adjustment merits a favorable exercise of discretion).  No I-130 petition had been filed on Mowatt's behalf, and any consideration of whether he would be entitled to relief was purely speculative.  *See Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1286 (11th Cir. 2008) (noting an IJ may deny a continuance where an alien's eligibility to adjust status was speculative).  Moreover, Mowatt's prior conviction for child abuse was a negative factor that could impact the decision to grant him discretionary relief.  Accordingly, Mowatt had not shown good cause for a continuance.

The BIA also did not abuse its discretion in denying Mowatt's motion to remand[3] as Mowatt failed to provide clear and convincing evidence that his marriage was bona fide. *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001) (explaining the BIA has broad discretion to grant or deny a motion to reopen and the BIA can deny a motion to reopen for a petitioner's failure to establish a

---

[2]  While Mowatt argues the standards of *Matter of Hashmi* should not apply, there is no merit to his argument.  *See Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1243 (11th Cir. 2013) (applying the factors from *Matter of Hashmi*).

[3]  Courts generally look at the substance of a motion to remand to determine how it should be treated on appeal.  *See Al Najjar*, 257 F.3d at 1301.  If, as here, the alien seeks to introduce new evidence, it is generally treated as a motion to reopen.  *Id.*

*prima facie* case of eligibility for adjustment of status).  While, Mowatt submitted his pending I-130 petition, birth certificates for himself and his wife, and pictures of the two of them, he did not submit any of the documents described in 8 C.F.R. § 1245.1(c)(8)(v) used to show that a marriage is bona fide and not entered into solely "for the purpose of procuring the alien's admission as an immigrant."  8 U.S.C. § 1255(e)(1)-(3); 8 C.F.R. § 1245.1(c)(8)(iii)(F).  Such documentation included joint ownership of property, lease showing a common residence, evidence of commingling of financial resources, birth certificates of their children, affidavits from others who could attest to the bona fides of the marriage, or any other evidence to show that the marriage was not entered into in order to evade removal. *See* 8 C.F.R. §§ 1245.1(c)(8)(v), 204.2(a)(1)(iii)(B).  In the absence of such clear and convincing evidence, Mowatt has not shown that he was *prima facie* eligible for adjustment of status, and the BIA did not abuse its discretion by denying the motion to remand to the IJ in order to reopen proceedings to obtain adjustment of status.

**PETITION DENIED.**