[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15507
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 27, 2009
THOMAS K. KAHN
CLERK

Agency No. A097-949-547

ROBERTO LUIS ZAPATA-GOMEZ,
a.k.a.  Juan Felipe Villa Hoyos,

                                                            Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 27, 2009)

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Roberto Luis Zapata-Gomez, a native and citizen of Colombia proceeding *pro se*, seeks our review of the Board of Immigration Appeals' ("BIA") final order denying his motion to reconsider or reopen the denial of his earlier application for asylum, withholding of removal, and relief under the Convention Against Torture. In his petition for review, Zapata-Gomez argues that the BIA failed to sufficiently articulate its reasons for denying his motion. He further argues that the BIA abused its discretion when it denied his motion to the extent that he sought to reopen his asylum proceeding. Both arguments fail. We address each in turn.

## I.

Zapata-Gomez argues that the BIA failed to sufficiently articulate its reasons for denying his motion. Procedurally, when the BIA has not made findings of fact or has not applied the law to those facts, appellate courts should remand to allow the BIA to make such determinations in the first instance. *INS v. Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353, 355 (2002) (per curiam) ("[A] court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands."). Remanding a case is also appropriate when the BIA fails to give "reasoned consideration" to all the evidence. *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1375, 1377 (11th Cir. 2006) (citation omitted).

Substantively, "[w]e review the BIA's denial of a motion for reconsideration for an abuse of discretion." *Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1286 (11th

2

Cir. 2008) (per curiam) (citation omitted). "A motion to reconsider a decision must be filed with the [BIA] within 30 days after the mailing of the [BIA] decision . . . ." 8 C.F.R. § 1003.2(b)(2). The motion "shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." *Id.* at § 1003.2(b)(1).

Here, the BIA explained that it denied Zapata-Gomez's motion because the motion was untimely. The BIA mailed its decision on May 21, 2008, but it did not receive Zapata-Gomez's motion until three days after the June 20, 2008 deadline for filing a motion to reconsider. Because the motion was untimely, the BIA did not abuse its discretion by denying reconsideration.

Finally, to the extent that Zapata-Gomez's motion includes a substantive challenge to the denial of reconsideration, it is still meritless. Zapata-Gomez failed to specify any errors of fact or law in the prior BIA decision. Thus, he has failed to establish any substantive error in the BIA's denial of reconsideration.

## II.

Zapata-Gomez argues that the BIA abused its discretion by not granting his motion to the extent that he sought to reopen his asylum proceeding and have new evidence considered. "[W]e employ a very deferential abuse of discretion standard in reviewing the BIA's decision on a motion to reopen regardless of the underlying basis of the alien's request for relief." *Najjar v. Ashcroft*, 257 F.3d 1262, 1302

3

(11th Cir. 2001) (quotation marks and citation omitted). One independent ground upon which the BIA may deny a motion to reopen is the "failure to introduce evidence that was material and previously unavailable . . . ." *Id.*

Here, Zapata-Gomez's new evidence was previously available and not material. The police investigation exhibit that he had submitted to the immigration judge was not new. Zapata-Gomez also did not explain in his motion to the BIA why he could not have previously obtained his other exhibits. He even admitted that his new exhibits were "technically available earlier." Thus, he fails to show that the new evidence was previously unavailable.

Zapata-Gomez also fails to show that the new evidence is material. Even liberally construed, the evidence showed only that his uncle was possibly fatally shot by an armed group. It did not connect the murder to FARC or otherwise help establish that Zapata-Gomez suffered persecution on a protected ground. Therefore, the BIA did not abuse its discretion by denying his request to reopen the asylum proceedings and consider new evidence.

### III.

Because we find no abuse of discretion in the BIA's final order denying Zapata-Gomez's motion to reconsider or reopen, we deny his petition for review.

**PETITION DENIED.**

4