[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 21, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16963
Non-Argument Calendar

_____

Agency Nos. A098-498-745, A098-498-744

MATHEUS RAMALHO GIUNCO,
MIQUEIAS RAMALHO GIUNCO,
LIDIA DE SOUZA GIUNCO,
JOSUE GIUNCO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 21, 2009)

Before DUBINA, Chief Judge, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Matheus Ramalho Giunco and his family, natives and citizens of Brazil, petition for review of the Board of Immigration Appeals's ("BIA's") decision that they did not make a *prima facie* showing of eligibility for immigration relief and did not receive ineffective assistance of counsel. The BIA affirmed the immigration judge's denial of a continuance, despite Giunco's assertion that his initial immigration counsel was ineffective for failing to timely apply for immigration relief.

In his petition, Giunco argues that the BIA erred by finding that he abandoned his application for relief. He maintains that he had a path to lawful permanent residence through non-discretionary relief, a visa as a religious worker. Giunco argues that he would have been eligible for adjustment under the Immigration and Nationality Act ("INA") § 245(i), 8 U.S.C. § 1255, if his initial immigration lawyer had not defrauded him. He maintains that the BIA erred by finding that he did not qualify for lawful permanent residence because he was eligible for INA § 245(i) relief as a religious worker. He asserts that he was not required to comply with *Matter of Lozada*, 19 I & N Dec. 637 (BIA 1988), to show ineffective assistance of counsel because he was not making a motion to reopen. Further, he argues that he suffered prejudice because he was seeking non-discretionary relief.

2

"We review the denial of a motion for continuance for an abuse of discretion." *Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1285 (11th Cir. 2008). Immigration regulations allow an immigration judge to grant a continuance for good cause. *Id.* (citing 8 C.F.R. § 1003.29). When "the only thing standing between [an alien] and permanent residence status [is] the agency's approval of his . . . visa petition and adjustment of status application," denial of a continuance by the immigration judge or the Board of Immigration Appeals is an abuse of discretion. *Id.* at 1286. However, denial of a continuance when an alien is not "statutorily eligible for adjustment of status" is not an abuse of discretion. *Id.*

Under 8 U.S.C. § 1255(i), certain categories of aliens not legally admitted may apply for adjustment of status to lawful permanent resident. 8 U.S.C. § 1255(i). To qualify, as further discussed, an alien must have been physically present in the United States on December 21, 2000. *Id.* at § 1255(i)(1)(C). Additionally, the alien must be a beneficiary of a petition for classification or an application for a labor certificate. *Id.* at § 1255(i)(1)(B). An application for a labor certificate is unavailable unless the Secretary of Labor certifies that there are insufficient willing, able, and qualified workers for a job. *See id.* at § 1182(a)(5)(A). A petition for classification requires that an application be filed before April 30, 2001. *Id.* at § 1255(i)(1)(B)(i). Further, such a petition must be submitted by an American citizen for the alien's benefit. *Id.* at § 1154(a)(1)(A)(i).

3

An alien entering the United States to act as a religious minister can be admitted as a 'special immigrant' if the alien meets certain qualifications, but the alien does not automatically become an American citizen. *Id.* at § 1101(a)(27)(C).

Because the record shows that Giunco was not eligible for relief pursuant to 8 U.S.C. § 1255(i), we conclude that the IJ and BIA did not abuse their discretion by affirming the immigration judge's denial of a continuance. Accordingly, we deny Giunco's petition for review.

**PETITION DENIED.**