[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12506
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 18, 2011
JOHN LEY
CLERK

Agency No. A079-059-337

CHANTAL NOUVOSSI AGBO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 18, 2011)

Before TJOFLAT, BLACK and WILSON, Circuit Judges.

PER CURIAM:

On June 17, 2004, an Immigration Judge denied petitioner's application for

asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and protection under the Convention Against Torture, and ordered her removal to Togo.[1] Petitioner did not appeal the IJ's decision to the Board of Immigration Appeals ("BIA").

On March 29, 2006, long after the order of removal was entered, petitioner married a United States citizen, Corey Cohen. On March 31, 2008, she moved the BIA to remand her case for a hearing on her eligibility for adjustment of status due to her marriage to Cohen. While the motion was pending, petitioner and Cohen divorced, on October 7, 2008.

The BIA denied her motion on February 2, 2009, based on her failure to meet the procedural requirements for a motion to reopen. On March 23, 2009, petitioner moved the BIA to reopen the proceeding so she could have a hearing on her eligibility for adjustment of status based on a second marriage, to Adonis Hooper, Sr. on January 8, 2009. In support of her motion, she submitted an affidavit, dated March 11, in which she swore that her marriage to Hooper was "bona fide" and not entered into "solely for the purpose of obtaining an immigration benefit." The BIA denied petitioner's motion to reopen on September

---

[1] Petitioner is a native and citizen of Togo. She conceded before the IJ that she was removable as alleged in the Notice to Appear issued by the Department of Homeland Security.

17, 2009, holding that the affidavit was not "clear and convincing evidence indicating a strong likelihood that [her] marriage is bona fide."

On October 14, 2009, petitioner moved the BIA to reconsider its decision, again seeking a hearing on eligibility for adjustment of status and the introduction of additional evidence to establish that her marriage was bona fide. The BIA denied reconsideration on April 30, 2010. In its order, the BIA stated that petitioner's request to present new evidence was time barred because it was not filed within 90 days of the February 2, 2009 final administrative order of removal, *see* INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i), 8 C.F.R. § 1003.2(c)(2), and number barred because it was a second motion to reopen. *See* INA § 240(c)(7)(A), 8 U.S.C. § 1229a(c)(7)(A), 8 C.F.R. § 1003.2(c)(2). Petitioner now seeks review of the BIA's decision.

The issue before this court is whether the BIA, in denying petitioner's October 14, 2009 motion for reconsideration, acted within its discretion where the only evidence submitted in support of petitioner's request for a hearing on eligibility for adjustment of status was an affidavit containing scant information about her petitioner's new husband or the purported marriage.

In determining whether the BIA abused its discretion in denying a motion to

3

reopen,[2] *see Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1226 (11th Cir. 2008), we are "limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary and capricious." *Id*. (internal quotations and citations omitted).

INA § 240(c)(7)(A) and (B), 8 U.S.C. § § 1229a(c)(7)(A) and (B), provide generally that, an alien may file one motion to reopen proceedings. The motion must state new facts that the alien would prove at a removal hearing and must be supported by affidavits or other evidentiary material. 8 U.S.C. §§ 1229a(c)(7)(A) & (B). The motion to reopen must be filed within 90 days of the date of entry of the final administrative order of removal. *Id*. § 1229a(c)(7)(C). The BIA has discretion to grant or deny such a motion. *Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001).

The BIA denied petitioner's motion to reconsider because petitioner failed to identify any error in the decision to be reconsidered and her affidavit provided little information regarding her marriage. Because she failed to address what part of the BIA's decision constituted error in her initial brief, she has abandoned this

---

[2] Petitioner's motion stated that it was a motion to remand. We refer to it as a motion to reopen since a motion to remand that seeks the introduction of new evidence that has not previously been presented is generally treated as a motion to reopen under 8 C.F.R. § 1003.2(c). *Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1286 (11th Cir. 2008).

issue, and we need not consider it.[3]

Insofar as the BIA construed petitioner's motion as a motion to reopen, it denied her motion to reopen as both time and number barred. In her brief, petitioner addressed only the merits of her claim, and failed to address either of the procedural bars utilized by the BIA. Accordingly, she has abandoned these issues, and we do not decide them on the merits. *Sepulveda*, 401 F.3d at 1228 n.2.

**PETITION DENIED.**

---

[3] Parties abandon arguments not raised in their opening briefs before us. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).