[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10208
Non-Argument Calendar
_____

Agency No. A097-454-848


ASHRAF ALI BAIG,
SAMEENA FATHIMA,

                                                                Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                                Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 10, 2012)

Before PRYOR, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Ashraf Ali Baig and Sameena Fathima, natives and citizens of India,

petition for review of the order that affirmed the denial of their motion for a continuance. The Board of Immigration Appeals affirmed the finding of the immigration judge that Baig's future eligibility for an adjustment of status did not constitute good cause to continue his and Fathima's removal proceeding. See 8 C.F.R. § 1003.29. We deny the petition.

The immigration judge did not abuse his discretion by denying the motion to continue. To be eligible for an adjustment of status, an alien must be "eligible to receive an immigration visa" and the visa must be "immediately available" to the alien. 8 U.S.C. § 1255(i)(2)(A), (B). Baig has an approved third-preference employment-based visa petition with a priority date of October 20, 2003, but when the immigration judge considered Baig's motion, visas were available only to aliens with a priority date of October 1, 2001, or earlier. Notably, when the Board issued its decision, third-preference employment-based visas were available to aliens with a priority date of July 22, 2002, or earlier. Because of the indefinite wait that Baig faced to obtain an immigrant visa, no good cause existed to continue the removal proceeding. See Chacku v. U.S. Att'y Gen., 555 F.3d 1281, 1286 (11th Cir. 2008); Zafar v. U.S. Att'y Gen., 461 F.3d 1357, 1363–64 (11th Cir. 2006).

We **DENY** Baig and Fathima's petition.