[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10194
Non-Argument Calendar
_____

Agency No. A089-276-602

TIBURCIO ANIBAL CACERES-GONZALES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 29, 2015)

Before HULL, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Tiburcio Anibal Caceres-Gonzales, a native and citizen of Honduras, petitions for review of a decision that affirmed his order of removal. Caceres-Gonzales argues that he was entitled to a continuance of his removal proceedings to apply for an adjustment of status. 8 U.S.C. § 1255(i). Caceres-Gonzales also argues, for the first time, that the Board of Immigration Appeals and immigration judge failed to follow precedent when disposing of the motion to continue. We deny in part, and dismiss in part, Caceres-Gonzales's petition.

The immigration judge did not abuse her discretion by denying Caceres-Gonzales's motion to continue. An alien may obtain a continuance to pursue an adjustment of status for "good cause shown," 8 C.F.R. § 1003.29, but that standard requires the alien to prove there is more than a "speculative possibility that at some point in the future" he may be eligible for that relief. *Zafar v. U.S. Att'y Gen.*, 461 F.3d 1357, 1363–64 (11th Cir. 2006); *accord Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1285 (11th Cir. 2008). Caceres-Gonzales wanted to adjust his status as a derivative of his wife, Sandra Damien, based on an approved petition filed by her father, a United States citizen. *See* 8 U.S.C. § 1255(i). To attain his wife's more favorable preference status, Caceres-Gonzales had to be "accompanying or following to join" Damien, *see id.* § 1153(d), but her priority date, as a citizen of Mexico, was two years in the future. Because she did not have a visa "immediately available," Caceres-Gonzales suggested that he could confer on his wife the more

2

favorable visa chargeability of his native country, Honduras, which was current. *See id.* § 1152(b)(2); 9 Foreign Affairs Manual § 42.12 n.3.8. But to use each other's derivative eligibility, Caceres-Gonzales and his wife had to apply for an adjustment of status simultaneously, *see* 9 Foreign Affairs Manual §§ 40.1 n.8(c), 42.12 n.3.8, which they had failed to do. Because the prospect of Caceres-Gonzales becoming eligible for an adjustment of status as a derivative of his wife was, as stated by the immigration judge, "totally speculative," it was not an abuse of discretion to deny Caceres-Gonzales's motion to continue. We deny Caceres-Gonzales's petition to the extent that he challenges the denial of his motion.

We lack jurisdiction to consider Caceres-Gonzales's arguments that the Board and the immigration judge failed to follow precedent that required the immigration judge to "articulate, balance, and explain" the factors it deemed relevant in deciding whether to grant or to deny a continuance. *See Matter of Hashmi*, 24 I. & N. Dec. 785, 794 (B.I.A. 2009). "'[A] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to [him] as of right.'" *Sundar v. INS*, 328 F.3d 1320, 1323 (11th Cir. 2003) (quoting 8 U.S.C. § 1252(d)(1)). Exhaustion provides the Board "the opportunity to discover and correct [its] own error." *Id.* at 1325 (alteration in original and internal quotation marks and citation omitted). Caceres-Gonzales failed to present this issue to the Board on appeal or in a motion for

3

reconsideration. Because, "absent a cognizable excuse or exception," we "lack jurisdiction to consider a claim raised in a petition for review [when] the petitioner has [failed to] exhaust[] his administrative remedies," *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006), we dismiss this part of Caceres-Gonzales's petition.

**PETITION DENIED IN PART, AND DISMISSED IN PART.**