[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15267
Non-Argument Calendar
_____

Agency No. A028-625-559

OLIVER LOPEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 21, 2016)

Before HULL, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Oliver Lopez, a native and citizen of Nicaragua, seeks review of a final order of the Board of Immigration Appeals ("BIA") (1) affirming the Immigration Judge's ("IJ") denial of cancellation of removal and (2) denying his motion to remand.  After careful review, we deny Lopez's petition.

## I.    BACKGROUND

Lopez entered the United States in 1986 and received lawful-permanent-resident status in 1996.  In 2001 and again in 2008, he was convicted of possession of marijuana and cocaine in Florida state court.  In February 2010, Lopez was served with a Notice to Appear ("NTA"), which charged that he was removable based on these convictions pursuant to Immigration and Nationality Act ("INA") § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i).[1]  The government submitted the judgment from Lopez's 2001 drug conviction, which demonstrated that the Florida state court withheld formal adjudication, but imposed costs and a suspended sentence based on a nolo contendere plea.

After an IJ and the BIA deemed him ineligible for cancellation of removal due to the 2001 drug conviction, Lopez filed a motion to reopen with the BIA, asserting that his 2001 conviction had been vacated and he was therefore eligible for cancellation of removal.  In support, Lopez attached a one-page state-court order from 2010, reflecting that the state court had granted Lopez's motion for

---

[1] The NTA also charged Lopez with removability for a prior battery/domestic violence conviction.  That conviction is not at issue in this appeal.

post-conviction relief and vacated his 2001 drug conviction. The order did not include any details giving the reason for the vacatur.

The BIA noted that, in light of this evidence, Lopez "may no longer be removable," but that it was "unclear from this record whether [Lopez] has met his burden of proof of demonstrating that his conviction was not vacated under a rehabilitative statute or to avoid the immigration consequences of the conviction[.]" Thus, the BIA granted Lopez's motion to reopen and remanded to the IJ for further proceedings to determine the basis of the vacatur and whether Lopez was eligible for relief from removal. After the remand, Lopez did not provide any further documentation to support the basis of the vacatur.

Upon remand, the government lodged additional charges of removability against Lopez, alleging that he was convicted of battery in Georgia in 2014 and was therefore removable under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony.

In May 2015, the IJ issued his decision. First, he sustained the charge of removability under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), based on his conclusion that Lopez's Georgia battery conviction qualified as an aggravated felony. Second, he sustained the charge of removability under INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), based on Lopez's 2008 Florida drug conviction. Finally, the IJ denied Lopez's application for cancellation of removal

for two reasons.  First, he was statutorily ineligible for cancellation relief because he had been convicted of the aforementioned aggravated felony.  Second, he was statutorily ineligible for cancellation relief because he had not "acquired the requisite seven years of continuous residence in the United States."  The IJ determined that Lopez had failed to provide any evidence for the reason underlying the vacatur of the 2001 drug conviction and, thus, he had failed to meet his burden of showing that "his conviction was vacated for reasons that would abolish the conviction for immigration purposes."  Thus, the IJ ordered Lopez be removed to Nicaragua.

Lopez appealed the IJ's decision to the BIA, arguing that Florida does not permit vacatur of a criminal conviction solely for the purpose of avoiding immigration consequences and, in any event, the reason for the vacatur does not matter.[2]  Concurrently with his appeal, Lopez also filed a motion to remand with the BIA, noting that his Georgia battery conviction had also been vacated.

The BIA dismissed the appeal.  It upheld the IJ's determination that Lopez was removable both for committing an aggravated felony and for committing a controlled-substance offense.  Further, after writing that, "in the context of a motion to reopen," Lopez had the burden of proving "why a conviction was

---

[2] In his brief to the BIA, Lopez also included an argument regarding his mental competency. Lopez failed to raise that argument on appeal to this Court.  Thus, we will consider this issue abandoned.  See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1226 n.2 (11th Cir. 2005).

4

vacated," the BIA "agree[d]" with the IJ that Lopez had not met this burden and his 2001 drug conviction "remains a conviction for immigration purposes."

The BIA also denied the motion to remand, writing that "[r]egardless of whether the battery conviction has been vacated, [Lopez] is still removable under section 237(a)(2)(B)(i) of the Act, for having been convicted of a controlled substance violation." Moreover, the BIA wrote, Lopez's 2001 conviction "cuts off his accrual of the requisite 7 years of continuous residence, independent of the aggravated felony bar to cancellation of removal."

Lopez appealed the BIA's decision to this Court, focusing his argument on the agency's determination regarding his 2001 drug conviction.

## II.    DISCUSSION

We review questions of law de novo. Assa'ad v. U.S. Att'y Gen., 332 F. 3d 1321, 1326 (11th Cir. 2003). Additionally, we construe a motion to remand that seeks to introduce new evidence as a motion to reopen, and generally review the denial of a motion to reopen for an abuse of discretion. Chacku v. U.S. Att'y Gen., 555 F.3d 1281, 1286 (11th Cir. 2008). It is within the discretion of the BIA to deny a motion to reopen for, among other reasons, failure to establish a prima facie case of eligibility for adjustment of status. Id.

Certain permanent residents who are inadmissible or deportable may have their removal cancelled if: (1) they have been an alien lawfully admitted for

permanent resident for not less than five years; (2) they have resided in the United States for seven continuous years after having been admitted in any status; and (3) they have not been convicted of an aggravated felony. INA § 240A(a), 8 U.S.C. §1229b(a). However, "any period of continuous residence . . . shall be deemed to end . . . when the alien has committed an offense referred to" in INA § 212(a)(2), 8 U.S.C. § 1182(a)(2). INA § 240A(d)(1), 8 U.S.C. § 1229b(d)(1). Section 1182, in turn, provides that "any alien convicted of" a controlled-substance offense is inadmissible. INA § 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II). Section 1101(a)(48)(A) of the INA defines "conviction" as:

> a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where -- (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

INA § 101(a)(48)(A), 8 U.S.C. § 1101(a)(48)(A).

This Court has explained that a vacated conviction "[i]n the eyes of the State of Florida . . . is a legal nullity [but] [w]hether it is a nullity for purposes of 8 U.S.C. § 1182(a)(2) and other provisions of federal immigration law . . . depends on the reason it was vacated." Garces v. U.S. Att'y Gen., 611 F.3d 1337, 1344 (11th Cir. 2010) (involving the vacatur of Florida convictions for cocaine trafficking and aggravated assault). A conviction that is vacated because of a constitutional, statutory, or procedural defect in the underlying proceedings is no

6

longer a "conviction" for immigration purposes.  Id.  However, a vacatur obtained under a rehabilitative statute or granted "simply in order to help the alien avoid 'immigration hardships,' has no effect for immigration law purposes."  Id.; Ali v. U.S. Att'y Gen., 443 F.3d 804, 810 (11th Cir. 2006) (explaining that "whether a vacated conviction remains a conviction for purposes of the INA depends upon the reason the conviction was vacated").  This Court also has determined that "a vacated state conviction remains effective for immigration purposes if it is not clear from the record that the vacatur was based on a defect in the underlying proceedings."  Garces, 611 F.3d at 1344 n.6; Ali, 443 F.3d at 810-12 (upholding the BIA's determination that the petitioner failed to establish that his conviction was vacated based on a substantive or procedural defect in the underlying proceedings where the state court said only that it granted vacatur "for good cause shown and by consent of the parties").

The burden of proving a prior conviction supporting deportability is on the government at the removal proceeding in the case of an alien admitted to the United States.  INA § 240(c)(3)(A), 8 U.S.C. § 1229a(c)(3)(A).  It is not disputed here that Lopez's 2008 drug conviction supported the removal order.  The question on appeal is whether Lopez showed he was eligible for relief from removal.  The burden of establishing relief from removal lies with the alien requesting such relief.  INA § 240(c)(4)(A), 8 U.S.C. § 1229a(c)(4)(A); 8 C.F.R. § 1240.8(d).

7

Here, based on our precedent, we cannot say that the BIA erred in determining that Lopez was ineligible for cancellation of removal because of his 2001 drug conviction. As an alien seeking relief from removal, Lopez had the burden of proving his eligibility for such relief. See INA § 240(c)(4)(A), 8 U.S.C. § 1229a(c)(4)(A); 8 C.F.R. § 1240.8(d). And yet the sole piece of evidence that he submitted demonstrating the vacatur of his 2001 conviction was silent as to the reasons for the vacatur. Thus, the record is unclear as to the reasons for the vacatur, and the conviction still stands for immigration purposes. See Garces, 611 F.3d at 1344 n.6; Ali, 443 F.3d at 811-12.[3] Despite Lopez's arguments that post-conviction events such as rehabilitation or immigration hardships were not grounds to award vacatur in Florida, the statute at the time was not exhaustive and allowed for vacatur on any grounds subject to collateral attack. See Fla. R. Crim. P. 3.850 (2010) (stating the grounds for awarding vacatur in Florida).[4] In addition, because Lopez obtained lawful-permanent-resident status in 1996, the 2001 conviction served to cut off Lopez's continuous residence before the seven years required for relief from removal. INA § 240A(a), 8 U.S.C. §1229b(a); INA

---

[3] Lopez does not raise the argument that was litigated before the IJ and BIA prior to the remand—whether the institution of costs suffices as "punishment" or "penalty" under INA § 101(a)(48)(A), 8 U.S.C. § 1101(a)(48)(A). Thus, we will not address this issue. See Sepulveda, 401 F.3d at 1226 n.2.

[4] While Lopez argued on appeal to our Court that a judgment vacating a criminal conviction by a court of competent jurisdiction must be given full faith and credit, he did not exhaust this argument before the BIA. Therefore, we will not consider it. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).

8

§ 240A(d)(1), 8 U.S.C. § 1229b(d)(1); INA § 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II).

Finally, the BIA did not abuse its discretion in denying Lopez's latest motion to remand. As the BIA pointed out, regardless of whether Lopez's Georgia battery conviction may properly be considered an aggravated felony, he remains removable based on the 2008 drug conviction, and his application for cancellation of removal was properly denied based on his 2001 drug conviction, for the reasons given above. Thus, Lopez failed to establish a prima facie case of eligibility for adjustment of status, and the BIA was within its discretion to deny his motion. See Chacku, 555 F.3d at 1286.

For these reasons, we deny Lopez's petition.

**PETITION DENIED.**

9