[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13003
Non-Argument Calendar

_____

Agency No. A213-301-130

RUBEN VALENTIN BLANCOS-REYES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 9, 2021)

Before NEWSOM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Ruben Valentin Blancos-Reyes* seeks review of a Board of Immigration Appeals decision (the "BIA") affirming the immigration judge's denial of his motion for a third continuance to file an application for asylum. Upon consideration, we deny his petition for review.

## I.

Blancos-Reyes is a native and citizen of Cuba who entered the United States in the summer of 2019 without a valid entry document. The Department of Homeland Security placed Blancos-Reyes in removal proceedings and provided him a list of lawyers and local organizations who could assist him during his proceedings.

At his initial master calendar hearing on October 8th, Blancos-Reyes and several other individuals appeared *pro se* before the immigration judge. The immigration judge explained that they had a right to a lawyer, reminded them of the list of lawyers and local organizations that they received earlier, and stated that he would delay an individual's hearing upon request to allow that individual to obtain counsel. Blancos-Reyes then indicated that he wanted time to obtain a lawyer. The immigration judge granted his request and continued his removal proceedings until December 5th. The immigration judge further explained that in light of the generous time period granted for obtaining counsel, if Blancos-Reyes appeared without

---

* Throughout the record and the briefing before this Court, the petitioner is referred to as "Blancos-Reyes," "Blanco-Reyes," "Blanco Reyes," and "Blancos." For consistency, he is referred to as "Blancos-Reyes" in this opinion.

counsel on December 5th, it would be determined that he had waived his right to counsel and that he would represent himself. Blancos-Reyes indicated that he understood these instructions.

On December 5th, Blancos-Reyes again appeared *pro se* before the immigration judge. Blancos-Reyes told the immigration judge that he had recently hired an attorney who "just started on the case." The immigration judge found that in light of the instructions from the previous hearing, Blancos-Reyes had waived his right to counsel and would be representing himself. But he also explained that Blancos-Reyes could obtain counsel at any time and that his counsel could immediately begin helping him. The immigration judge then provided Blancos-Reyes with an application for asylum and for withholding of removal known as a Form I-589. The immigration judge further explained that if Blancos-Reyes did not have the application completed and ready for submission at the next hearing on January 2, 2020, he would find the application abandoned.

On December 26th, Blancos-Reyes, proceeding with counsel, filed a motion for continuance until January 14th. In the motion, Blancos-Reyes argued that he had obtained new counsel on December 23rd and that holiday closures had prevented her from adequately preparing for the January 2nd hearing. The immigration judge denied the motion after determining that good cause for a continuance had not been established.

3

At the hearing on January 2nd, Blancos-Reyes's new counsel told the immigration judge that Blancos-Reyes's application was not complete and made a motion for continuance to complete it. Specifically, she told the immigration judge that she did not know about the previous master calendar hearing and that she obtained Blancos-Reyes's file from his previous counsel only after the immigration court closed for the holidays. The immigration judge denied the motion for a continuance and ordered Blancos-Reyes to be removed from the United States to Cuba. The immigration judge explained that he had denied the motion for a continuance on the ground that Blancos-Reyes "had 58 days to obtain counsel, and thereafter had 28 days to file his application, for a total 86 days."

Blancos-Reyes then appealed this order to the BIA. The BIA dismissed Blancos-Reyes's appeal and denied his accompanying motion to remand. He filed this petition for review.

## II.

On appeal, Blancos-Reyes argues that the BIA (1) mistakenly applied the "clear error" standard of review to the immigration judge's denial of his January 2nd motion for continuance, (2) failed to give reasoned consideration to his claims on appeal, and (3) abused its discretion in dismissing his appeal. Because the BIA's decision did not expressly adopt the immigration judge's reasoning, our review is limited to the BIA's decision alone. *See Dos Santos v. U.S. Att'y Gen.*, 982 F.3d

4

1315, 1318 (11th Cir. 2020) ("When the [BIA] issues a decision, we review only that decision, except to the extent that [it] adopts the immigration judge's reasoning."); *Perez-Zenteno v. U.S. Att'y Gen.*, 913 F.3d 1301, 1306 (11th Cir. 2019) (stating that when the BIA issues a decision, we review that decision "as the final judgment, unless the BIA expressly adopted the [immigration judge's] opinion"). For the reasons stated below, we conclude that Blancos-Reyes's arguments fail.

*A. The BIA Applied the Correct Standards of Review*

First, Blancos-Reyes argues that the BIA mistakenly applied the "clear error" standard of review to the immigration judge's decision when it should have applied the *de novo* standard of review. Specifically, he asserts that the BIA stated that it found "no clear error in the immigration judge's denial of the motion for continuance." Blancos-Reyes further asserts that the BIA "simply rubber stamped the immigration judge's decision" because it, "like the immigration judge, adamantly focused on the deadline set by the immigration judge to file the asylum application and took no consideration of the other factors present in the case . . . ." We disagree with both assertions.

"The BIA reviews an immigration judge's findings of fact for clear error and reviews questions of law, discretion, and judgment and all other issues de novo." *Patel v. U.S. Att'y Gen.*, 971 F.3d 1258, 1269 (11th Cir. 2020) (internal quotation marks omitted) (quoting 8 C.F.R. § 1003.1(d)(3)). Here, the BIA correctly stated

these standards of review in analyzing the immigration judge's decision. It also correctly applied them: nothing in the BIA's analysis indicates that any deference was given to the immigration judge on a question of law. The BIA's determination that there was "no clear error" in the denial seems to refer to the immigration judge's multiple findings of fact underlying the denial. The BIA determined that there was no clear error "[i]nasmuch as the respondent was given ample time to obtain counsel, submit the Form I-589, and was forewarned that his application for relief would be deemed abandoned if not timely filed"—all of which are findings of fact. Accordingly, we conclude the BIA applied the correct standards of review.

B. *The BIA Gave Reasoned Consideration to Blancos-Reyes's Claims on Appeal*

Second, Blancos-Reyes argues that the BIA failed to give reasoned consideration to his claims on appeal. Specifically, Blancos-Reyes asserts that the BIA ignored certain facts of his case "lead[ing] to the logical conclusion that the request [for continuance] should have been granted." He further asserts that the BIA "erroneously stated that [he] had been granted two continuances to 'secure counsel'" when in fact only one continuance—granted at the October 8th hearing—had been granted for that purpose. Again, we disagree with these assertions.

"To enable our review, the [BIA] must give 'reasoned consideration' to an applicant's claims and make 'adequate findings.'" *Ali v. U.S. Att'y Gen.*, 931 F.3d 1327, 1333 (11th Cir. 2019) (internal quotation marks omitted). We assess the BIA's

6

compliance with this mandate through "a reasoned-consideration examination," which is a question we review *de novo*. *Id.* In conducting a reasoned-consideration examination, we determine whether the BIA "has considered the issues raised and announced its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 874 (11th Cir. 2018). Although the BIA "is required to consider all evidence that a petitioner has submitted, it need not address specifically each claim the petitioner made or each piece of evidence the petitioner presented." *Id.* Ultimately, the BIA "does not give reasoned consideration to a claim when it misstates the contents of the record, fails to adequately explain its rejection of logical conclusions, or provides justifications for its decision which are unreasonable and which do not respond to any arguments in the record." *Id.*

Here, the BIA gave reasoned consideration to Blancos-Reyes's claims. Although the BIA did not expressly address every piece of evidence or argument that Blancos-Reyes raised, the record does not establish that it failed to consider all the relevant evidence. Moreover, the BIA did not misstate the record in describing the continuances. The BIA stated: "The record demonstrates that the respondent was provided two continuances, to secure counsel and was provided a Form I-589 by the immigration judge with clear instructions that it was to be filed with the court at the next hearing." Due to the placement of the punctuation in this sentence, it is not clear

whether the BIA meant to modify the "two continuances" with the rest of the sentence—*i.e.* to secure counsel and file the form—or only with the phrase "to secure counsel." But, even if the BIA meant that the immigration judge granted both continuances "to secure counsel," the sentence would not be inaccurate. The immigration judge said in the December 5th hearing that Blancos-Reyes could "add a lawyer to [his] case at any time" and that if he did so, "[his] lawyer [could] immediately begin helping him." The second continuance on December 5th gave Blancos-Reyes more time to obtain counsel before his Form I-589 would be due and, in that sense, was a continuance "to secure counsel." Accordingly, we conclude that the BIA gave reasoned consideration to his claims.

### C. The BIA Did Not Abuse Its Discretion in Dismissing Blancos-Reyes's Appeal

Third, Blancos-Reyes argues that the BIA abused its discretion in affirming the immigration judge's denial of his motion for continuance and subsequently dismissing his appeal. First, Blancos-Reyes asserts that the BIA "failed to consider important aspects of [his] claim on appeal"—namely his diligence in preparing his application and the prejudice caused by a denial. Second, he asserts that the BIA's "decision is so implausible that it cannot be ascribed to the product of agency expertise" because "it does not take agency expertise to look at the circumstances here and find that the continuance request should have been granted." Once again, we disagree with these assertions.

8

"We review the denial of a motion for continuance for an abuse of discretion." *Chacku v. U.S. Att'y. Gen.*, 555 F.3d 1281, 1285 (11th Cir. 2008). We therefore "ask whether the [BIA] exercised its discretion in an arbitrary or capricious manner." *Dos Santos*, 982 F.3d at 1322–23. For an agency like the BIA, we set aside its action as arbitrary and capricious only where it (1) "relied on factors which Congress has not intended it to consider," (2) "failed to consider an important aspect of the problem," (3) "explained its decision in a way that runs counter to the evidence," or (4) acted in a manner "so implausible that it[s] [action] could not be ascribed to a difference in view or the product of agency expertise." *Mendoza v. Sec'y, Dep't of Homeland Sec.*, 851 F.3d 1348, 1353 (11th Cir. 2017) (internal quotation marks omitted). Under BIA precedent, an immigration judge's decision denying a motion for continuance will not be reversed unless the alien "make[s] a reasonable showing that the lack of preparation occurred despite a diligent good faith effort to be ready to proceed" and "establishes that that denial caused him actual prejudice and harm and materially affected the outcome of his case." *Matter of Sibrun*, 18 I.&N. Dec. 354, 356–57 (BIA 1983).

Here, no matter how we may have ruled on Blancos-Reyes's motion for a continuance, we cannot say that the BIA abused its discretion in affirming the immigration judge. First, the BIA did not fail to consider evidence of Blancos-Reyes's diligence in preparing for the January 2nd hearing. The BIA accurately

9

notes that Blancos-Reyes had already received lengthy continuances before that hearing and that the immigration judge had clearly warned him that his application would be considered abandoned if it was not ready for submission at the hearing. Although Blancos-Reyes contends that the holiday closures in December and January prevented him from completing his application despite his diligence, he does not explain his failure to obtain counsel before the closures, starting from his first hearing on October 8th. Because Blancos-Reyes has failed to show that he was diligent, we need not examine whether he was prejudiced by the immigration judge's denial. Second, in light of the foregoing discussion, the BIA's decision was not so implausible that it cannot be ascribed to the product of its expertise, and Blancos-Reyes's bare assertion to the contrary does not establish otherwise. Accordingly, we conclude that the BIA did not abuse its discretion in dismissing his appeal.

## IV. CONCLUSION

For the reasons stated above, we **DENY** Blancos-Reyes's petition for review.

10