[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10400

Non-Argument Calendar

_____

ANDRE MARIE NGONO,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A207-715-713

_____

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Andre Marie Ngono, proceeding pro se, petitions this Court for review of a final order of removal. Ngono asserts that he is a victim of a "severe form of trafficking in persons" within the meaning of the Trafficking Victims Protection Act of 2000 (TVPA), 22 U.S.C. § 7101 et seq., and that the order of removal violates a provision of the Act that requires the Secretary of Homeland Security to permit certain victims of human trafficking to remain in the United States if they have filed a civil suit against their alleged traffickers—as Ngono has done—and the lawsuit remains pending. We conclude that the immigration judge lacked the authority to adjudicate Ngono's request to remain in the United States under the relevant provision of the TVPA, and that the immigration judge did not abuse her discretion by refusing to suspend Ngono's removal proceedings while he pursued that relief. We therefore deny Ngono's petition.

I.

Ngono, a native and citizen of Cameroon, entered this country in 2006 as a nonimmigrant visitor for pleasure. He was subsequently issued a student visa with authorization to remain in the United States until late 2010. In December 2019, the Department of Homeland Security (DHS) initiated removal proceedings against Ngono and charged him as removable because he had overstayed his student visa and because he had been convicted of a crime

relating to immigration fraud.  Several months later, DHS submitted additional charges alleging that Ngono was removable because he had been convicted of an aggravated felony and a crime involving moral turpitude.

During his removal proceedings, Ngono asserted that he was a victim of a "severe form of trafficking in persons" within the meaning of the TVPA.[1]  He informed the immigration judge that he had applied for T and U nonimmigrant status,[2] and he requested the administrative closure of his removal proceedings and DHS's consent to his continued presence in the United States.

DHS did not consent to Ngono's continued presence in the United States, and the immigration judge denied his request for administrative closure of his removal proceedings.  The immigration judge ultimately found that Ngono was removable as charged,

---

[1] The TVPA defines "severe forms of trafficking in persons" to include sex trafficking and "the recruitment, harboring, transportation, provision, or obtaining of a person for labor or services, through the use of force, fraud, or coercion for the purpose of subjection to involuntary servitude, peonage, debt bondage, or slavery."  22 U.S.C. § 7102(11).

[2] T nonimmigrant status, commonly known as a "T visa," enables victims of human trafficking who meet certain criteria to remain in the United States temporarily.  *See* 8 U.S.C. § 1101(a)(15)(T); 8 C.F.R. § 214.11.  Similarly, U nonimmigrant status (a "U visa") allows victims of specified crimes (including human trafficking) to remain temporarily in the United States if they are, have been, or are likely to be helpful to authorities investigating or prosecuting those crimes, or if they qualify for an exemption from cooperation. *See* 8 U.S.C. § 1101(a)(15)(U); 8 C.F.R. § 214.14.

denied his application for cancellation of removal, and ordered him removed to Cameroon.

Ngono appealed to the Board of Immigration Appeals. He did not contest the charges of removability or the denial of his application for cancellation of removal, but he argued that the order of removal violated his right under the TVPA to remain in the United States until a civil lawsuit that he had filed against his alleged traffickers was concluded. The Board construed his argument as a request for a continuance of his removal proceedings pending the outcome of his lawsuit. It stated that Ngono had not shown reasonable cause for a continuance and that Ngono's lawsuit was not relevant to the outcome of the removal proceedings. It therefore dismissed his appeal, and Ngono's petition for review by this Court followed.

## II.

When considering a petition for review of a final order of removal, we review only the decision of the Board of Immigration Appeals, except to the extent that the Board expressly adopts the immigration judge's opinion. *Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1285 (11th Cir. 2008). We review questions of law raised in the petition de novo. *Chamu v. U.S. Att'y Gen.*, 23 F.4th 1325, 1328 (11th Cir. 2022). We review the denial of a request for a continuance of removal proceedings for an abuse of discretion. *Chacku*, 555 F.3d at 1285.

21-10400                 Opinion of the Court                 5

### III.

Ngono argues that the order for his removal conflicts with provisions of the TVPA authorizing the Secretary of Homeland Security to permit victims of human trafficking to remain in the United States under certain circumstances.  Specifically, 22 U.S.C. § 7105 provides that if "a Federal law enforcement official files an application stating that an alien is a victim of a severe form of trafficking and may be a potential witness to such trafficking, the Secretary of Homeland Security may permit the alien to remain in the United States to facilitate the investigation and prosecution of those responsible for such crime." 22 U.S.C. § 7105(c)(3)(A)(i).  The statute further provides that the "Secretary shall permit an alien described in clause (i) who has filed a civil action" against his alleged traffickers "to remain in the United States until such action is concluded."  *Id.* § 7105(c)(3)(A)(iii).

We reject Ngono's argument that the order of removal violates the TVPA for two reasons.  First, to the extent that he contends that the immigration judge was required to permit him to remain in the United States under § 7105(c)(3), his argument fails because the statute gives DHS—not the immigration courts—the authority to grant a request by law enforcement for the "continued presence" of a cooperating witness in a human-trafficking investigation.  *Id.* § 7105(c)(3)(A)(i).  The Secretary of Homeland Security has delegated the authority to decide whether to grant such requests, and how best to ensure the witness's continued presence based on his immigration status, to the former Immigration and

Naturalization Service (now U.S. Immigration and Customs Enforcement (ICE)). 28 C.F.R. § 1100.35(a)–(b). Neither the TVPA nor the implementing regulation provides any role for the immigration courts in authorizing the continued presence of a cooperating witness. *See* 22 U.S.C. § 7105(c)(3); 28 C.F.R. § 1100.35.

Second, to the extent that Ngono argues that the immigration judge should have postponed his removal proceedings while he sought permission to remain in the United States under the TVPA, that argument also fails because Ngono did not show that a continuance was warranted. An immigration judge may grant a continuance of removal proceedings "for good cause shown." 8 C.F.R. § 1003.29. In deciding whether good cause for a continuance exists based on a pending request for collateral relief, the immigration judge's "principal focus" should "be on the likelihood that the collateral relief will be granted and will materially affect the outcome of the removal proceedings." *Matter of L-A-B-R-*, 27 I&N Dec. 405, 406, 413 (A.G. 2018). It is not an abuse of discretion for the immigration judge to deny a request for a continuance where the applicant has not met the preliminary requirements for the collateral relief that he seeks. *See Zafar v. U.S. Att'y Gen.*, 461 F.3d 1357, 1362–64 (11th Cir. 2006) (denial of continuance was not abuse of discretion where petitioners had applied for labor certifications but had not met other statutory eligibility requirements for employment-related adjustment of status relief).

Here, Ngono did not submit evidence showing that he met the requirements for continued presence under the TVPA. The

statute provides that the Secretary of Homeland Security may permit an alien victim of human trafficking to remain in the United States to facilitate the investigation and prosecution of his alleged traffickers *if* "a Federal law enforcement official files an application stating that [the] alien is a victim of a severe form of trafficking and may be a potential witness to such trafficking." 22 U.S.C. § 7105(c)(3)(A)(i). The statute also states that the "Secretary shall permit an alien described in clause (i)"—that is, a victim of and potential witness to human trafficking whose continued presence has been requested by law enforcement—to remain in the United States during the pendency of a civil lawsuit against the victim's alleged traffickers. *Id.* § 7105(c)(3)(A)(iii).

Ngono submitted his own unsupported statement that he was a victim of a severe form of human trafficking, but he did not show that any law enforcement official had submitted or was expected to submit an application to ICE requesting his continued presence as a potential witness. And because he did not show that he was a cooperating witness whose presence had been requested under § 7105(c)(3)(A)(i), he also failed to show that DHS was required to permit him to remain in the United States under § 7105(c)(3)(A)(iii) while his lawsuit against his alleged traffickers remained pending. *See id.* Under the circumstances, it was not an abuse of discretion for the immigration judge to refuse to suspend Ngono's removal proceedings while he sought permission to remain in the United States under the TVPA. *See Matter of L-A-B-R*, 27 I&N Dec. at 406, 413–14; *see also Zafar*, 461 F.3d at 1362.

## IV.

Ngono has not shown that the final order of removal violated the Trafficking Victims Protection Act because (1) the immigration courts had no authority to grant his request for continued presence in the United States under 22 U.S.C. § 7105(c)(3), and (2) the immigration judge was not required to suspend his removal proceedings while he pursued relief under that statute because he failed to show that he met the statutory requirements for a grant of continued presence as a cooperating witness. We therefore deny the petition for review.

**PETITION DENIED.**