**Catalin Aionesei LUPU, Petitioner,**

v.

**U.S. ATTORNEY GENERAL, Respondent.**

**No. 15–11514**
**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Jan. 7, 2016.

Ana C. Aleman, Law Offices of Ana C. Aleman, Coral Gables, FL, for Petitioner.

OIL, Office of Immigration Litigation, Sarah Abigail Byrd, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, Michelle Ressler, District Counsel's Office USICE, Miami, FL, for Respondent.

Before WILLIAM PRYOR, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

Catalin Lupu, a native and citizen of Romania, petitions for review of the dismissal of his appeal by the Board of Immigration Appeals ("BIA"). After careful review, and for the reasons set forth below, we deny Lupu's petition in part and dismiss in part.

I.

Lupu was admitted to the United States with a visitor's visa in September 2007 with authorization to remain in the country until March 2008. He overstayed his visa, and in December 2008 married Odalis Gonzalez–Perez, a United States citizen. In January 2009, Lupu submitted an Application to Register Permanent Residence or Adjust Status with the U.S. Citizenship and Immigration Services ("USCIS"). That same day, Gonzalez–Perez filed a Form I–130 Petition, called a Petition for Alien Relative or visa petition, on Lupu's behalf (the "first visa petition").

After interviewing the couple and determining that the marriage was a sham or fraudulent marriage, USCIS denied the first visa petition and Lupu's application for adjustment of status. Immigration and Customs Enforcement thereafter initiated removal proceedings against Lupu, charging him as removable under 8 U.S.C. § 1227(a)(1)(B), for staying in the United States beyond his original authorization. Lupu appeared before an immigration judge ("IJ") with counsel and, after receiving an initial continuance to prepare his case, conceded removability and requested a continuance so that Gonzalez–Perez could file another visa petition on his behalf (the "second visa petition"). The IJ granted this continuance, and Gonzalez–Perez filed the second visa petition.

Lupu requested and received seven additional continuances from the IJ (bringing the total to eight) pending the adjudication

of the second visa petition, including one immediately following USCIS's denial of the second visa petition in October 2013. In December 2013, Gonzalez–Perez appealed the denial of the second visa petition to the BIA. Lupu requested a ninth continuance to allow the BIA time to issue its decision, but the IJ denied the request and Lupu's application for adjustment of status. The IJ reasoned that Gonzalez–Perez's visa petitions had been denied twice, Lupu had failed to establish prima facie eligibility to adjust his status, and several continuances had already "allow[ed] for the adjudication of the I–130 in compliance with *Matter of Hashmi*," 24 I. & N. Dec. 785 (BIA 2009).[1] A.R. at 45.[2] The IJ asked Lupu whether he wished to voluntarily depart the United States and he responded that he did not, so the IJ ordered Lupu removed to Romania.

Lupu appealed the IJ's final order of removal to the BIA, arguing in part that the IJ failed to consider the factors set forth in *Matter of Hashmi* in denying his continuance request. The BIA dismissed Lupu's appeal. Although the BIA acknowledged Lupu's contention that the IJ should have granted a further continuance pending adjudication of Gonzalez–Perez's appeal from the denial of the second visa petition, it noted "that during the pendency of the present appeal, this Board has adjudicated, and dismissed, the appeal from the denial of [that] petition." BIA Order at 2. Accordingly, the BIA concluded that it "need not ultimately resolve whether a pending [I–130] petition falls within the scope of our precedent in *Matter of Hashmi*, ... as the record establishes no persuasive evidence establishing that the respondent is presently the beneficiary of a pending visa petition or visa petition appeal." *Id.* And, the BIA stated, Lupu had "not identified any other basis for continuing his removal proceedings." *Id.*

Lupu now petitions this Court for review.

## II.

### A.

■ Lupu first asserts that the BIA erred in affirming the IJ's decision to deny his ninth request for a continuance. We review the denial of a request for a continuance for an abuse of discretion. *Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1285 (11th Cir.2008). "When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision." *Id.* Here, the BIA issued its own decision affirming the IJ's denial of Lupu's request. Accordingly, we review only the BIA's decision, and we need not address Lupu's contentions that the IJ's decision itself was flawed.

And indeed, the IJ's decision essentially was rendered moot by the BIA's subsequent decision affirming the denial of the second visa petition Gonzalez–Perez filed on Lupu's behalf. Lupu argues that the BIA's decision erroneously was based solely on the fact that the BIA had affirmed

---

1. In *Matter of Hashmi*, 24 I. & N. Dec. at 790, and its companion case *Matter of Rajah*, 25 I. & N. Dec. 127, 128 (BIA 2009), the BIA held that an IJ must decide whether good cause exists to grant a continuance, considering and balancing, where applicable, certain factors, including but not limited to: the government's response to the continuance request; whether the underlying visa petition is prima facie approvable; the respondent's statutory eligibility for adjustment of status; whether the application for adjustment of status merits a favorable exercise of discretion; and the reason for the continuance and other procedural factors.

2. "A.R." refers to the certified administrative record in this case.

the denial of that visa petition. But he cites no reason why the BIA's reliance on this event amounted to an abuse of discretion, and we see none. In concluding that its decision on the second visa petition appeal decided the issue and rendered a discussion of the IJ's *Matter of Hashmi* analysis unnecessary, the BIA emphasized that "the respondent's wife did not carry her burden of proof in establishing that the couple's marriage is bona fide." BIA Order at 2. Put differently, Lupu could not establish that he was likely to succeed in obtaining an adjustment of status because he would have no basis for the adjustment. We cannot say this was an abuse of discretion. Rather, the BIA's conclusion reflected its own consideration of the *Matter of Hashmi* factors, including whether the visa petition was prima facie approvable and whether Lupu was eligible for an adjustment of status. *See Matter of Hashmi, supra* note 1. Accordingly, we deny Lupu's petition for review on this ground.

### B.

Lupu also contends, for the first time in this Court, that the IJ denied him due process by forcing him to choose whether to depart voluntarily before a decision was rendered on the second visa petition appeal. He asserts that, had he on the one hand chosen to depart voluntarily before the appeal was decided but then refused to do so, he would have been barred statutorily from seeking an adjustment of status for ten years. Had he on the other hand been permitted to decide whether to depart voluntarily after the second visa petition appeal was decided, he argues, he would have departed voluntarily and would not have faced the same statutory bar. "We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto." *Amaya–Artunduaga v. U.S.*

*Att'y Gen.,* 463 F.3d 1247, 1250 (11th Cir. 2006). If a petitioner has failed to raise a claim before the BIA, it is unexhausted. *See id.* Here, because Lupu failed to present his due process challenge to the BIA, we are without jurisdiction to entertain it. *See id.* We accordingly dismiss this portion of his petition for review.

**PETITION DENIED IN PART AND DISMISSED IN PART.**