[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10649
Non-Argument Calendar
_____

Agency No. A070-661-845


ARMANDO FLORENTIN BARRIOS-MONZON,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 7, 2017)

Before JORDAN, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Armando Barrios-Monzon petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying his motion for reconsideration of the BIA's order that dismissed his appeal and affirmed the Immigration Judge's ("IJ") order denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). On appeal, Barrios-Monzon argues that the BIA erred (1) in affirming because the IJ violated his right to due process by refusing to continue the hearing even though his counsel was ill and (2) in denying his motion for reconsideration because the BIA engaged in improper fact finding in its original decision by relying on a fact in the record that was not discussed by the IJ. After careful review, we dismiss in part and deny in part Barrios-Monzon's petition for review.

## I.

Barrios-Monzon, a Guatemalan citizen, has repeatedly tried to enter the United States. He first arrived in the United States in 1993 and stayed until July 2006 when he returned to Guatemala. He tried to return to the United States in September 2008 but was apprehended by immigration officials at the border. During an interview with Department of Homeland Security ("DHS") officials, Barrios-Monzon admitted that he had entered the country illegally. He signed a sworn statement that he entered the country to look for work, only intended to

remain for three months, and had no fear or concern about returning to Guatemala. Barrios-Monzon was removed from the United States to Guatemala.

In January 2009, Barrios-Monzon entered the United States for a third time. After living in the United States for about three years, he was arrested for driving without a license and detained. Barrios-Monzon claimed that he feared for his safety if he returned to Guatemala and filed applications for withholding of removal and protection under CAT. An IJ held a hearing on the merits of his applications.

The afternoon before the hearing, Barrios-Monzon's attorney, Sandra Echevarria, requested a continuance because she was sick. The IJ did not rule on the motion prior to the hearing. Echevarria arranged for a contract attorney, Christopher Bryant, and a new associate with her firm (who had only started working for her two days earlier) to appear at the hearing to secure the continuance. At the hearing, Bryant sought a continuance because Echeverria was sick and he was unprepared for the hearing. The IJ denied the motion but gave Bryant 45 minutes to meet with Barrios-Monzon and prepare for the hearing. The IJ then convened the hearing, and Bryant questioned Barrios-Monzon until Echevarria arrived. When Echevarria arrived, she represented Barrios-Monzon for the remainder of the hearing.

3

At the hearing, Barrios-Monzon testified that he feared returning to Guatemala because he had been threatened by the Zetas, a criminal organization. In 2006, when Barrios-Monzon first returned to Guatemala from the United States, he dedicated himself to evangelizing. In January 2007, members of the Zetas told Barrios-Morzon that he needed to pay them $20,000 to continue evangelizing or they would kill him. Barrios-Monzon testified that he believed the Zetas targeted him because he had returned from the United States, and when people returned from the United States they usually had money. Because of these threats, Barrios-Monzon stated that he fled from Guatemala to Mexico in January 2007. On cross examination, Barrios-Monzon admitted that he had signed a sworn statement in 2008 that he had no fear of returning to Guatemala. Before the IJ, Barrios-Monzon claimed that his 2008 statement was untrue and that he was forced to sign it.

After hearing Barrios-Monzon's testimony, the IJ denied Barrios-Monzon's applications for withholding of removal and protection under CAT. The IJ concluded that Barrios-Monzon's testimony was not credible because (1) he tried to embellish his testimony to claim that he was targeted by the Zetas because of his religious activity, (2) his testimony that he feared returning to Guatemala because of threats the Zetas made in 2007 contradicted his sworn statement to DHS officers in 2008 that he had no fear of returning to Guatemala, and (3) there was no

4

documentary evidence corroborating that he was involved in his religion prior to 2010.

The IJ further determined that Barrios-Monzon failed to carry his burden of proof to establish a claim for withholding or for protection under CAT. He had no evidence of past persecution because, the IJ found, the Zetas had targeted him because he was perceived as having money since he had returned recently from the United States, not because he had engaged in religious activity. The IJ also found that there was no evidence that he was ever tortured or even harmed in Guatemala.

Barrios-Monzon appealed the IJ's decision, arguing (1) his due process rights were violated when the IJ denied the motion for a continuance and (2) the IJ's adverse credibility determination was unsupported. The BIA dismissed the appeal. In its opinion, the BIA explained that it affirmed the IJ's decision, including the adverse credibility determination, and wrote separately only to address specific arguments Barrios-Monzon had raised on appeal.

First, the BIA concluded that the IJ had not erred by denying a continuance. Second, the BIA determined that the IJ's adverse credibility determination was not clearly erroneous. The BIA explained that Barrios-Monzon's 2008 statement to DHS that he did not fear for his safety contradicted his testimony before the IJ, and the IJ properly relied on these inconsistencies to make an adverse credibility determination. In a footnote, the BIA identified another discrepancy between

5

Barrios-Monzon's 2008 statement and his testimony before the IJ, which it acknowledged was not incorporated into the IJ's decision. The BIA took "administrative notice" that Barrios-Monzon told DHS that he had been living in Guatemala until September 2008 and only traveled through Mexico on his way to the United States. This statement contradicted his testimony before the IJ that he left Guatemala in January 2007, lived in Mexico for about a year, and then returned to the United States.

Barrios-Monzon did not file a petition with our Court seeking review of the BIA's decision. Instead, he filed a motion to reconsider with the BIA. His primary argument was that the BIA should reconsider its decision because it improperly took administrative notice of Barrios-Monzon's 2008 statement to DHS that he had been living in Guatemala before returning to the United States and only traveled through Mexico. He contends that the BIA should not have considered this statement because it was not incorporated into the IJ's decision. He presented no argument in his reconsideration motion related to the IJ's denial of a continuance.

The BIA denied Barrios-Monzon's motion for reconsideration, concluding that it had not engaged in improper fact finding when it pointed out the contradiction between Barrios-Monzon's testimony before the IJ and sworn

statement to DHS in 2008.  Barrios-Monzon filed a petition for review of the denial of his motion for reconsideration with our Court.

## II.

Before turning to the merits of Barrios-Monzon's arguments, we must address our subject matter jurisdiction.  Our jurisdiction is limited to petitions for review that are filed within 30 days of a final order of removal.  8 U.S.C. § 1252(b)(1).  The finality of an order of removal is not affected by the filing of a motion to reopen or reconsider.  *Stone v. INS*, 514 U.S. 386, 405 (1995).  Additionally, because "the statutory limit for filing a petition for review in an immigration proceeding is 'mandatory and jurisdictional,' it is not subject to equitable tolling."  *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n. 3 (11th Cir. 2005) (quoting *Stone*, 514 U.S. at 405).

Barrios-Monzon's argument that the BIA erred in rejecting his claim that his due process rights were violated when the IJ denied a continuance relates solely to the BIA's original decision, not its denial of his motion for reconsideration.  To have timely challenged the BIA's original decision, Barrios-Monzon had to file a petition for review with our Court within 30 days of that decision.  Because he failed to do so, and filed a timely petition for review only with regard to the BIA order denying his motion for reconsideration, our jurisdiction is limited to reviewing whether the BIA properly denied the motion for reconsideration.  We

7

lack jurisdiction to consider his due process argument and must dismiss this portion of his petition for review.

### III.

Barrios-Monzon argues that BIA erred when it denied his motion for reconsideration because in its original decision the BIA engaged in improper fact finding by relying on a portion of Barrios-Monzon's 2008 statement to DHS that was not incorporated into the IJ's credibility determinations. We review the BIA's denial of a motion for reconsideration for abuse of discretion. *See Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1286 (11th Cir. 2008). We cannot say that the BIA abused its discretion in this case.

In the course of deciding appeals, the BIA may not engage in fact finding "[e]xcept for taking administrative notice of commonly known facts such as current events or the contents of official documents." 8 C.F.R. § 1003.1(d)(3)(iv). Nonetheless, "[t]he BIA and the IJ must consider all evidence introduced by the applicant." *Seck v. U.S. Atty. Gen.*, 663 F.3d 1356, 1364 (11th Cir. 2011).

We see no improper fact finding here. The BIA noted that Barrios-Monzon's testimony before the IJ that he lived in Mexico prior to coming to the United States in 2008 contradicted his sworn statement to DHS that he had been living Guatemala. But the BIA never made a finding of fact based on this discrepancy about whether Barrios-Monzon actually lived in Guatemala or Mexico

prior to entering the United States in 2008.  The BIA simply noted that a discrepancy existed in the record evidence before it.  Although the IJ did not identify this specific factual discrepancy in its decision, we cannot say it was improper for the BIA to point out this additional support in the record for the IJ's determination that Barrios-Monzon was not credible.

Barrios-Monzon argues that the BIA erred because it failed to give him notice and an opportunity to respond before taking administrative notice of new evidence.  As the Attorney General points out, administrative notice generally describes when an agency adjudicator considers evidence not included in the record.  Although the BIA stated that it was taking "administrative notice" of the fact that Barrios-Monzon told DHS in 2008 that he had been living in Guatemala prior to coming the United States, it is undisputed that this statement was in the record before the IJ.  In fact, the IJ relied on other portions of the statement to DHS to make its credibility determination.  Under these circumstances, the BIA had no obligation to provide Barrios-Monzon notice or an opportunity to respond before considering a portion of the statement in the record but not discussed by the IJ.  Because the BIA engaged in no improper fact finding, it properly denied Barrios-Monzon's motion for reconsideration.

9

## IV.

For the reasons set forth above, Barrios-Monzon's petition is dismissed in part and denied in part.

**DISMISSED IN PART, DENIED IN PART.**