[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11407

_____

Agency No. A208-033-428

STEVE ORLANDO MCPHERSON,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 28, 2018)

Before JORDAN, GRANT and HULL, Circuit Judges.

HULL, Circuit Judge:

Steve McPherson, through counsel, petitions for review of the Board of

Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ")

order of removal and denial of his motion for a continuance.[1]  After review, and with the benefit of oral argument, we deny McPherson's petition.

## I. IMMIGRATION PROCEEDINGS

### A.    Entry and Notice to Appear

In July 2002, McPherson, a native and citizen of Jamaica, was admitted to the United States on a J-1 nonimmigrant exchange visitor visa to study at Loyola University in Chicago.  After attending classes for a couple of months, McPherson dropped out of school because he was unable to afford tuition.  Though he was no longer attending school, McPherson remained in the United States.

In March 2015, the Department of Homeland Security ("DHS") served McPherson with a Notice to Appear ("NTA"), charging him as removable for: (1) failing to maintain or comply with the conditions of the nonimmigrant status under which he was admitted, pursuant to Immigration and Nationality Act ("INA") § 237(a)(1)(C)(i), 8 U.S.C. § 1227(a)(1)(C)(i); (2) having been convicted of a crime involving moral turpitude ("CIMT"), pursuant to INA § 237(a)(2)(A)(i), 8 U.S.C. § 1227(a)(2)(A)(i); and (3) having been convicted of a crime of domestic violence, pursuant to INA § 237(a)(2)(E)(i), 8 U.S.C. § 1227(a)(2)(E)(i).

---

[1]Since filing this appeal, McPherson was removed to Jamaica and remains there as of the date of this opinion.

2

The latter two charges were based on McPherson's 2007 Georgia conviction for simple battery under Georgia's Family Violence Act, O.C.G.A. § 16-5-23.[2] According to the charging document, McPherson "did intentionally make physical contact of an insulting or provoking nature with the person of Amanda Harrod, a person living or formerly living in the same household as [McPherson]." McPherson pled guilty and was sentenced to 12 months' imprisonment, but was allowed to serve that sentence on probation under Georgia's First Offender Act.

After being served with the NTA, McPherson was taken into custody by Immigration and Customs Enforcement ("ICE") in 2015.  McPherson remained in ICE detention throughout his immigration proceedings.

## B.    Immigration Hearings

On April 14, 2015, McPherson made his first appearance before the IJ and requested time to obtain counsel.  The IJ granted McPherson's request and reset his case for April 29, 2015.  At the April 29 hearing, McPherson requested additional

---

[2]The original NTA incorrectly cited O.C.G.A. § 16-5-23.1, which defines the more serious offense of battery under Georgia law, instead of O.C.G.A. § 16-5-23, defining simple battery.  Compare O.C.G.A.§ 16-5-23(a) (defining "simple battery" as "(1) [i]ntentionally mak[ing] physical contact of an insulting or provoking nature with the person of another; or (2) [i]ntentionally caus[ing] physical harm to another"), with O.C.G.A. § 16-5-23.1(a) (defining "battery" as "intentionally caus[ing] substantial physical harm or visible bodily harm to another").  On May 26, 2015, DHS corrected this error by filing a Form I-261 Additional Charge of Inadmissibility/Deportability, setting forth a new allegation with the correct citation in lieu of the incorrect allegation in the original NTA.

time to find an attorney and the IJ granted his request, resetting McPherson's hearing for May 26, 2015.

At the May 26 hearing, McPherson indicated that he still had not obtained counsel and proceeded pro se. During that hearing, McPherson conceded the first charge of removability, that he had failed to comply with the conditions of his J-1 visa by dropping out of school,[3] but denied the second charge, that his Georgia simple battery conviction was a CIMT. At that time, McPherson did not plead as to the third charge, that his conviction was a crime of domestic violence, because it was discovered that the version of the NTA McPherson had received did not contain the third charge. The IJ therefore reset McPherson's hearing for May 28, 2015, to allow DHS to re-serve McPherson with an accurate copy of the NTA. At the May 28 hearing, DHS served McPherson with the correct NTA and the IJ reset McPherson's hearing for June 4, 2015, to give him time to review the NTA. At the June 4 hearing, McPherson denied the third charge—that his Georgia simple battery conviction was a crime of domestic violence—and the IJ again reset the case.

---

[3]Though McPherson admitted the first charge of removability at the May 26 hearing, he contested the factual allegation in the NTA that he "failed to attend" his program of study. Subsequently, at a June 24, 2015 hearing, McPherson explained that he contested that factual allegation because he had attended classes for a period of time before dropping out. DHS agreed to amend the allegation to state that McPherson "dropped out" of his study program, and McPherson admitted the amended allegation.

On June 24, 2015, McPherson appeared before the IJ, still proceeding pro se. At that hearing, over McPherson's pro se objection, the IJ sustained the second and third charges of removability in the NTA—that McPherson's Georgia simple battery conviction was a CIMT and a crime of domestic violence—and found McPherson removable as charged.  The IJ then asked McPherson if he wanted to apply for fear-based relief.  McPherson stated that he did fear harm upon returning to Jamaica, but fear-based relief "would not be [his] first option."  McPherson explained that he instead wished to file an I-601 waiver of inadmissibility and to adjust his status based on an I-130 petition for alien relative filed on his behalf by his U.S. citizen wife, Indie Thompson-McPherson.[4]  McPherson stated that his wife had not yet filed an I-130 application because they were "waiting on the disposition to change on this simple battery charge," meaning he was waiting for the Georgia state court to discharge his simple battery conviction under the Georgia First Offender Act, "just in case it's a factor."

The IJ determined that McPherson was not eligible for cancellation of removal because he was convicted of a CIMT, and he was not yet eligible for a waiver of inadmissibility because he did not yet have an approved I-130 petition. Thus, the only relief McPherson was eligible to pursue at that time was fear-based

---

[4]McPherson and his wife were married on October 2, 2012, several years before his removal proceedings began in 2015.

relief.  McPherson indicated that he would like to apply for such relief, and the IJ provided him with a form I-589 application for asylum.

At his next hearing on July 20, 2015, McPherson requested additional time to file his I-589 application, explaining that a chicken pox outbreak at his detention facility prevented him from accessing the law library to complete his application. McPherson also told the IJ that his wife had filed an I-130 petition on his behalf, but had not yet received a receipt from U.S. Citizenship and Immigration Services ("USCIS").  DHS did not object to allowing McPherson additional time to file an asylum application, and the IJ reset the case for July 29, 2015.  The IJ told McPherson that if he wanted the court to consider his I-130 petition at the next hearing, he would need to bring the petition with him.

At the July 29 hearing, McPherson filed his I-589 asylum application. McPherson again asserted that his wife had filed an I-130 petition on his behalf, but he did not have a copy of the petition to provide to the court.  Because the IJ had not received some of the documents McPherson claimed he had sent in support of his asylum application, the IJ reset McPherson's case for August 20, 2015.  At the August 20 hearing, the IJ scheduled an individual hearing for October 19, 2015.

## C.    Motion to Continue

On October 8, 2015, McPherson, through newly retained counsel, filed a motion to continue the October 19 hearing.  In his motion, McPherson indicated that his wife filed an I-130 petition on his behalf on October 8, 2015, and represented that he wished to withdraw his I-589 application for asylum and instead seek adjustment of status based on an I-130 petition.  McPherson requested that the IJ reset the October 19 hearing as a master calendar hearing for McPherson "to demonstrate USCIS's receipt of his [I-130] application" and reschedule his individual hearing for a later date after the I-130 petition was adjudicated.  McPherson attached a copy of the I-130 petition to his motion, as well as a copy of his marriage certificate, a FedEx shipping receipt showing that the I-130 petition had been shipped to USCIS, and a money order paid to the order of DHS.  In an October 14 order, the IJ denied McPherson's motion for a continuance.

## D.    Final Hearing

At the October 19 hearing, McPherson, through counsel, renewed his motion for a continuance based on the pending I-130 petition.  Counsel stated that he had spoken to USCIS that morning and was told it takes about three weeks for an I-130 petition to be processed.  DHS objected to the continuance "in light of the significant case history" and "the number of hearings and opportunities already provided to [McPherson] to present his application for relief and any supporting

7

documents." Counsel for DHS further stated that though McPherson had shipped an I-130 petition, there was no indication that it had been received by USCIS or when USCIS might act on it.

The IJ again denied McPherson's request for a continuance. The IJ gave McPherson time to confer with counsel, after which McPherson decided to withdraw his I-589 asylum application, decline voluntary departure, accept an order of removal, and reserve his right to appeal the IJ's decision. Specifically, McPherson's counsel expressly stated that he wished to reserve his right to appeal the IJ's earlier decision sustaining the second and third charges of removability based on his Georgia simple battery conviction.

**E.    IJ's Decision**

At the October 19 hearing, the IJ then issued an oral decision ordering McPherson removed to Jamaica. The IJ noted that McPherson had conceded the first charge of removability, based on his failure to comply with the conditions of his J-1 exchange visitor visa, and that the court had sustained the other two charges for having a conviction for a CIMT and a crime of domestic violence at the June 24, 2015 hearing. Regarding McPherson's request for a continuance, the IJ found that good cause did not exist for a continuance. The IJ noted that it had given McPherson time to provide proof of the filing of the I-130 petition, and that the I-130 petition was sent to USCIS only 11 days before the October 19 merits hearing.

8

The IJ found "after some 11 hearings and some six months before this court, that there's no reason to further protract this case."

In making this decision, the IJ stated it had considered the factors outlined in Matter of Hashmi, 24 I. & N. Dec. 785 (BIA 2009).  The IJ recognized that "an immigration judge may, in his discretion, grant a motion to reopen or request a continuance of a deportation hearing, ending final adjudication of a visa petition filed simultaneously with an adjustment application where a prima facie approval visa petition and adjustment application have been submitted to him."  In this case, the IJ noted, McPherson submitted a copy of the I-130 petition filed and signed by his wife on his behalf and documentation showing that it was mailed to USCIS on October 8, 2015.  The IJ stated it had "considered all of the circumstances presented in this case," including that the case had been pending for six months, that McPherson was given many opportunities to obtain counsel, and that there was no relief available to McPherson at that time.[5]

## F.    Appeal to the BIA

McPherson appealed to the BIA, arguing that the IJ erred in sustaining the charges of removability based on his Georgia conviction because it did not qualify

---

[5]The IJ mistakenly stated, based on a misstatement by McPherson's counsel at the hearing, that McPherson was seeking a continuance to pursue a collateral attack on his Georgia conviction.  In fact, McPherson's request for a continuance was based solely on his wife's I-130 petition.

as a CIMT or crime of domestic violence. McPherson further contended that the IJ abused its discretion in denying his request for a continuance based on his I-130 petition. McPherson also moved for termination of his removal proceedings, or in the alternative, remand to the IJ.

On March 15, 2016, the BIA issued a decision dismissing McPherson's appeal and denying his motion to terminate. First, the BIA agreed that McPherson was removable based on his failure to comply with the conditions of his J-1 exchange visitor visa. The BIA noted that McPherson conceded that charge of removability before the IJ and did not challenge it on appeal. Accordingly, the BIA concluded that "regardless of whether he is also removable under sections 237(a)(2)(A)(i) and 237(a)(2)(E)(i) of the [INA], his removability has been established and we need not address the [IJ's] findings or [McPherson's] arguments challenging the additional bases of removability." In reaching that conclusion, the BIA cited INS v. Bagamasbad, 429 U.S. 24, 25, 97 S. Ct. 200, 201 (1976), for the general proposition that an agency is not required to make findings on issues that are unnecessary to the result.

The BIA also agreed with the IJ that McPherson did not establish good cause for a continuance to pursue an adjustment of status based on his wife's I-130 petition. Citing Hashmi, the BIA indicated that a visa petition must be pending to serve as the basis for a continuance. The BIA explained that, though McPherson

submitted evidence that the I-130 petition was sent to USCIS, there was no evidence at the time of the hearing that the petition "was accepted and pending, let alone that [McPherson] was prima facie eligible for the relief he sought." The BIA further determined that the IJ properly found McPherson did not exercise due diligence in submitting the I-130 petition, noting: "[McPherson's] case had been pending before the [IJ] for over six months, and he had appeared before the [IJ] 11 different times, and yet, despite his assertions otherwise, the Form I-130 had not been filed until a few days prior to his final hearing." Ultimately, the BIA agreed with the IJ that McPherson had not established good cause for a continuance to await adjudication of the I-130 petition, stating:

> Taking into consideration these factors, the DHS's opposition to a continuance, and the lack of evidence that [McPherson] was prima facie eligible for the discretionary relief he sought, particularly in light of his criminal convictions, we agree with the Immigration Judge that the respondent did not demonstrate good cause for a continuance to await adjudication of the visa petition. . . . We also agree with the Immigration Judge that, considering all of these factors, as well as [McPherson's] criminal history, the respondent did not warrant a continuance as a matter of discretion.

McPherson, through counsel, now petitions for review of the BIA's decision. On appeal, McPherson argues that (1) the BIA and the IJ failed to properly address and weigh the Hashmi factors in assessing his motion for a continuance, and (2) the BIA erred in declining to address the IJ's rulings on the second and third

11

charges of removability, i.e., the CIMT and crime of domestic violence rulings. We address each argument in turn.

## II. MOTION FOR CONTINUANCE

An IJ may grant a motion for a continuance "for good cause shown." 8 C.F.R. § 1003.29. We review the denial of a motion for a continuance for an abuse of discretion. Chacku v. U.S. Att'y Gen., 555 F.3d 1281, 1285 (11th Cir. 2008).

Subsequent to briefing and before the scheduled oral argument, the government advised the Court that McPherson's wife's I-130 petition had been denied and that the issue on appeal as to the motion for a continuance was moot. The Court allowed counsel for McPherson to respond to the government's position. On December 18, 2018, Albert Pak, counsel for McPherson, submitted a letter stating that McPherson "concedes the mootness of his challenge to the denial of the motion for a continuance with respect to the first I-130 application filed by Mr. McPherson's wife." Given the parties' concession that the issue is now moot, we do not address the continuance issue.

This leaves the issue of only McPherson's request for a remand so that the BIA can address the IJ's unreviewed findings as to the CIMT and crime of domestic violence rulings.

### III. FAILURE TO ADDRESS ADDITIONAL CHARGES

Generally speaking, the BIA is not required to specifically address each claim a petitioner makes on appeal as long as the BIA has given reasoned consideration to the petition.[6]  Seck v. U.S. Att'y Gen., 663 F.3d 1356, 1364 (11th Cir. 2011).  However, the BIA must "announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted."  Id. (internal quotations omitted).  When the BIA "has not made findings of fact or has not applied the law to those facts," appellate courts should remand to allow the BIA to make those determinations in the first instance.  Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1236 (11th Cir. 2007); see also Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1329 (11th Cir. 2007) ("The Supreme Court has explained that, in cases on appeal where the BIA has not addressed a particular issue that a petitioner put before it, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" (quoting INS v. Ventura, 537 U.S. 12, 16, 123 S. Ct. 353, 355 (2002)).

---

[6]We review only the BIA's decision, except to the extent the BIA expressly adopts the IJ's decision or reasoning.  Seck v. U.S. Att'y Gen., 663 F.3d 1356, 1364 (11th Cir. 2011).  We review issues of law de novo and factual findings under the substantial evidence test. Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1350 (11th Cir. 2009).

In arguing that the BIA was not required to review the IJ's determination on the CIMT and domestic violence charges, DHS argues we should look to Bagamasbad, on which the BIA relied. In Bagamasbad, an alien who overstayed her tourist visa by four years applied to adjust her status to that of a lawful permanent resident ("LPR") pursuant to INA § 245(a), 8 U.S.C. § 1255(a). 429 U.S. at 24, 97 S. Ct. at 200. The decision of whether to adjust an alien's status to that of an LPR is a discretionary one, even if the alien otherwise meets the statutory requirements for eligibility. See id.; see also INA § 245(a), 8 U.S.C. § 1255(a) ("The status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." (emphasis added)) The IJ declined to exercise discretion in the alien's favor, without addressing whether she satisfied the statutory eligibility requirements for permanent residence. Id. at 24-25, 97 S. Ct. at 200-01. On appeal, the BIA affirmed, concluding that "the circumstances fully supported the discretionary denial of relief," and the IJ could properly pretermit the question of statutory

14

eligibility and deny the alien's application for adjustment of status solely as an exercise of discretion.  Id. at 25, 97 S. Ct. at 201.

The alien petitioned for review, and the Third Circuit held that although the IJ properly exercised his discretion, the IJ was also required to make findings as to the alien's statutory eligibility for an adjustment to LPR status.  Id.  The Supreme Court granted certiorari and reversed.  Id.  The Supreme Court explained that "[a]s a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."  Id.  In Bagamasbad's case, the parties "conceded that [her] application would have been properly denied whether or not she satisfied the statutory eligibility requirements," and there was no statutory requirement that the IJ make eligibility findings before exercising his discretion to deny the application.  Id. at 26, 97 S. Ct. at 201.

The Supreme Court rejected the argument that it would be advisable to require the IJ to make eligibility findings "to foreclose the possibility that a United States consul to whom an alien might later apply for an immigration visa would mistakenly construe the [IJ's] exercise of discretion as a finding of statutory ineligibility."  Id.  The Supreme Court explained that an IJ must set forth the basis for his action in writing, and where the IJ has stated that his action was discretionary, "it will be clear to any United States consul that no eligibility determination has been made."  Id.  In other words, the IJ's discretionary denial of

15

an adjustment of status to Bagamasbad would have no binding effect on her future ability to reenter the United States. See id. at 26-27, 97 S. Ct. at 201 ("The consul will be free to give such findings as have been made [as to the discretionary denial] their appropriate weight, if any, . . . and to make his own legal judgment on eligibility." (citations omitted)).

Here, at oral argument and in response to a series of questions from the Court, DHS represented that the IJ's findings as to the CIMT and domestic violence charges would not have preclusive effect on a future admissibility determination with respect to McPherson because removability and admissibility are distinct determinations that are treated differently in different contexts. Specifically, DHS counsel stated that if in the future the USCIS should approve an I-130 petition filed on McPherson's behalf and if McPherson should then apply for adjustment of status on the basis of that approved I-130 petition, the consular officer reviewing McPherson's application would not be bound by the IJ's unreviewed findings in this particular case in determining McPherson's admissibility and would be free to make its own determination as to those issues.[7] DHS counsel also indicated that, because McPherson has already been removed to

_____

[7]Although the I-130 petition of McPherson's wife has been denied, McPherson's sister Kamala McPherson filed an I-130 petition on his behalf that was received by USCIS on June 19, 2018 and that petition remains pending.

16

Jamaica, this consular process would be his only means of seeking readmission to the United States.

We accept DHS's representation that the IJ's CIMT and domestic violence findings will not have preclusive effect on future efforts by McPherson to seek admission to the United States. And based on that understanding, we conclude that this case is indeed resolved by Bagamasbad. According to DHS, here as in Bagamasbad, a consular officer reviewing a future application for admission by McPherson will not be bound by the IJ's CIMT and domestic violence findings, and will be free "to make his own legal judgment on [McPherson's] eligibility" to be admitted into the United States. See id. at 26-27, 97 S. Ct. at 201. That being the case, we need not decide whether a remand is a permissible option here and we therefore deny McPherson's request for a remand to the BIA to rule on the CIMT and domestic violence issues in this case.[8] See id. at 25, 97 S. Ct. at 201. We therefore deny McPherson's petition as to this claim.

## IV. CONCLUSION

For the foregoing reasons, we deny McPherson's petition.

**PETITION DENIED.**

---

[8]Nothing herein should be read as expressing any view by this Court as to whether McPherson's conviction is a CIMT or a crime of domestic violence.

17