[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 21-10157

Non-Argument Calendar

————————————————

MOHAMMED SAMAD,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

————————————————

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A096-650-265

————————————————

Before JORDAN, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Mohammed Samad ("Petitioner"), a native of the United Arab Emirates and a citizen of Bangladesh, petitions for review of a final order of the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ"). The IJ's decision denied Petitioner's motion for a continuance of his removal proceedings.[1] No reversible error has been shown; we deny the petition.

## I.

Petitioner entered the United States on a visitor's visa in 2001. Petitioner later adjusted his status to a nonimmigrant student in May 2004.

In May 2005, Petitioner married his first wife (S.B.), a United States citizen. Based on this marriage, S.B. filed an I-130 visa petition on Petitioner's behalf in October 2005. In August 2006, Petitioner contacted the United States Department of Homeland Security ("DHS") and reported that S.B. was trying to extort him for money in exchange for pursuing the I-130 visa petition. Petitioner said S.B. moved out of their marital home and had been living with her boyfriend since September 2005: an event that occurred before

---

[1] The IJ also denied Petitioner's application for cancellation of removal. Petitioner raised no challenge to that denial either in his administrative appeal to the BIA or in this appeal. That ruling is not before us.

S.B. filed the I-130 visa petition on Petitioner's behalf. S.B. later withdrew her visa petition.

In April 2010, DHS first initiated removal proceedings against Petitioner by issuing Petitioner a Notice to Appear. The following month, Petitioner married his second wife (R.M.). In July 2010, R.M. filed an I-130 visa petition on Petitioner's behalf. R.M. later withdrew the visa petition in February 2012. In a written statement, R.M. said Petitioner married her only to obtain permanent residency. R.M. also said that she was offered -- and declined to accept -- money in exchange for staying married to Petitioner. Petitioner and R.M. divorced in August 2012.

Less than three weeks after his divorce from R.M., Petitioner married his current wife (A.B.), also a United States citizen. A.B. filed an I-130 visa petition on Petitioner's behalf in October 2012. In March 2014, DHS -- pursuant to 8 U.S.C. § 1154(c) -- denied A.B.'s visa petition for failure to demonstrate the legal validity and *bona fides* of the claimed marriage.

Never did A.B. appeal that denial. Instead, in July 2015 -- over a year after A.B.'s first I-130 visa petition was denied and days after DHS issued Petitioner a second Notice to Appear -- A.B. filed a second I-130 visa petition on Petitioner's behalf.

In April 2016, DHS denied A.B.'s second visa petition. Based on a review of the record -- including the timing and circumstances of Petitioner's previous marriages and the resulting I-130 visa proceedings -- DHS determined that A.B.'s visa petition was prohibited

under 8 U.S.C. § 1154(c).[2]  In addition, DHS determined that A.B. had failed to meet her burden of showing -- by clear and convincing evidence -- the legal validity and *bona fides* of her claimed marriage to Petitioner.  A.B. appealed that decision to the BIA in May 2016.

Meanwhile, in March 2016 -- as part of Petitioner's separate removal proceedings -- Petitioner conceded removability for failure to maintain his student status.  Petitioner also informed the IJ about A.B.'s then-pending I-130 visa petition and said that -- if the visa petition was granted -- he intended to pursue an adjustment of status with a waiver of inadmissibility.  The IJ granted Petitioner's request for a continuance to allow additional time for adjudication of A.B.'s visa petition.

At a July 2016 hearing, Petitioner notified the IJ that A.B.'s visa petition had been denied on grounds that Petitioner's previous marriage was a sham.  Petitioner requested another continuance of his removal proceedings pending the outcome of A.B.'s administrative appeal to the BIA.  The IJ granted Petitioner's request.

Petitioner's next hearing was held over two years later, in October 2018.  At the hearing, Petitioner updated the IJ on the status of the I-130 appeal, noting that no progress had been made since 2016 and that Petitioner was unsure whether the BIA had in fact received the appeal.  The IJ asked whether Petitioner had filed a

---

[2] In pertinent part, section 1154(c) prohibits the granting of an immigrant visa petition if a noncitizen "has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws."  8 U.S.C. § 1154(c).

writ of mandamus to compel a ruling on the appeal, to which Petitioner responded "no." Petitioner then moved for another continuance of his removal proceedings to await the outcome of the I-130 appeal. The government opposed the motion.

The IJ denied Petitioner's request for another continuance. The IJ noted that Petitioner had been denied an I-130 visa on grounds that Petitioner had entered previously into a fraudulent marriage: a determination that prohibited Petitioner from obtaining an I-130 visa irrespective of the validity of his current marriage. Given the denial of A.B.'s I-130 visa petition and that an appeal had already been pending for over two years, the IJ determined that it was "too speculative to continue this matter further." The IJ ordered Petitioner removed.

Petitioner appealed the IJ's decision to the BIA, arguing that the IJ erred in denying his request for a continuance. The BIA affirmed the IJ's ruling and dismissed Petitioner's appeal. In doing so, the BIA agreed with the IJ's determinations that relief was too speculative and that Petitioner had failed to demonstrate good cause for a continuance. This appeal followed.

## II.

We review only the decision of the BIA, except to the extent the BIA adopts expressly the IJ's decision or agrees with the IJ's reasoning. *See Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016).

We review the denial of a continuance request for abuse of discretion. *See Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1285 (11th Cir. 2008). In this context, abuse of discretion review is limited to determining whether the exercise of administrative discretion was arbitrary or capricious. *See Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1145 (11th Cir. 2010).

An IJ has discretion to grant a motion to continue removal proceedings "for good cause shown." 8 C.F.R. § 1003.29. In ruling on a motion to continue pending the resolution of a collateral matter, the IJ is to focus chiefly on two factors: (1) the likelihood that collateral relief will be granted, and (2) whether that collateral relief would have a material effect on the outcome of the removal proceedings. *Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 413-15 (A.G. 2018). The IJ also is to consider other pertinent factors, including (but not limited to) the movant's diligence in seeking collateral relief, the government's position on the continuance motion, the procedural history of the case, the number and length of continuances already granted, and administrative efficiency. *Id.* at 413, 415. The movant "bears the burden of establishing good cause for a continuance." *Id.* at 415.

As an initial matter, the BIA's written decision offered sufficient explanation to show that the BIA had considered the pertinent factors and gave reasoned consideration to Petitioner's motion. *See Ali v. U.S. Att'y Gen.*, 931 F.3d 1327, 1333-34 (11th Cir. 2019) (explaining that the BIA need not discuss expressly each piece of evidence presented; a BIA decision is reviewable so long as we

are "left with the conviction that the [BIA] has 'heard and thought about the case and not merely reacted'" (brackets omitted)); *Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 874-75 (11th Cir. 2018) (concluding that the BIA's order was sufficient to show reasonable consideration when it listed the basic facts of the case, cited to pertinent statutory and regulatory authority, and accepted the IJ's reasoning).

The BIA abused no discretion in affirming the IJ's denial of Petitioner's motion for a third continuance. The BIA agreed with the IJ's express finding that the likelihood of collateral relief was "too speculative" to warrant a continuance. *See id.* at 414 (noting that "continuances should not be granted when a respondent's collateral pursuits are merely speculative"). In making that determination, the IJ observed that the most recent I-130 visa petition filed on Petitioner's behalf had been denied on grounds that Petitioner had entered previously into a fraudulent marriage. As a result, the IJ noted that Petitioner would be precluded from obtaining a I-130 visa irrespective of the validity of his current marriage.

In addition, the record demonstrates that the IJ twice granted Petitioner a continuance to await the outcome of A.B.'s I-130 visa petition. And -- in the two years since the last continuance -- Petitioner had taken no affirmative steps to pursue or to inquire about the pending BIA appeal. Against this background, the BIA's and the IJ's determination that Petitioner failed to establish good cause warranting another continuance was neither arbitrary nor capricious.

Petitioner also contends -- for the first time -- that DHS's failure to keep him, the IJ, and the BIA apprised about the status of A.B.'s I-130 appeal violated Petitioner's procedural due process rights. Petitioner never raised this claim before the BIA; we lack jurisdiction to consider this argument on appeal. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1251 (11th Cir. 2006) (concluding that we lack jurisdiction to consider procedural due process claims not raised before the BIA).

PETITION DENIED.